J-S48041-14

**NON-PRECEDENTIAL DECISION -SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY L. WILLIAMS, | |
| Appellant | No. 82 MDA 2014 |

Appeal from the PCRA Order December 18, 2013
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000511-2002

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED OCTOBER 14, 2014**

Appellant, Corey L. Williams, appeals from the court's denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after his direct appeal.  We affirm the court's order to the extent that it addresses issues raised in Appellant's PCRA petition.  We vacate the judgment of sentence in its entirety and remand for resentencing.

This case is a procedural quagmire due in part to the no less than ten counsel who have represented Appellant, and his numerous *pro se* filings. We present only the following relevant facts, which we take from the PCRA court's December 18, 2013 opinion and our independent review of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

record. On May 6, 2002, the Commonwealth filed an information charging Appellant with robbery, simple assault, terroristic threats, recklessly endangering another person, and carrying a firearm without a license.[1] The charges arose from a robbery that occurred on January 30, 2002, at the Getty Mart convenience store in St. Thomas Township, Franklin County.

On July 14, 2003, the Commonwealth filed a motion *in limine* regarding the admission of a discharged bullet recovered from the scene of the January 30, 2002 Getty Mart robbery and of a firearm recovered from Appellant's vehicle during his arrest for a March 3, 2002 robbery. Ballistics evidence indicated that the gun recovered from Appellant's vehicle fired a bullet into the counter of the Getty Mart during the January 30, 2002 robbery. After argument, the court granted the motion, finding that:

> the evidence proffered by the Commonwealth is relevant pursuant to Pa.R.E. 404(b)[(2)[2]] . . . and the [c]ourt hereby GRANTS the [m]otion in [*l*]*imine* and the Commonwealth will be permitted to offer evidence of the circumstances of the March 3, 2002 incident including the conviction for [r]eceiving [s]tolen [p]roperty arising from that incident.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 2701(a)(3), 2706(a)(1), 2705, and 6106(a), respectively.

[2] Rule 404 provides, in pertinent part, that "[e]vidence of a crime, wrong, or other act . . . may be admissible for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(1), (2).

> The motion is granted without prejudice to [Appellant] to make objections to specific portions of the evidence on any other grounds including relevancy.

(Order, 9/19/03, at 1 (case citations omitted)).

Before trial, Appellant and both parties' counsel signed a stipulation and agreement to avoid the need for the Commonwealth to produce chain-of-custody witnesses for the admission of the recovered firearm and ammunition. (**See** Stipulation and Agreement, 10/22/03, at 1-2). At trial, the Commonwealth, with defense counsel's agreement, read a portion of the stipulation into evidence. The stipulation stated that the Washington Township Police Department recovered a Rossi double-action revolver from Appellant's vehicle on March 3, 2002, and the Pennsylvania State Police recovered a discharged .38 Special bullet from the Getty Mart on February 2, 2002, that both pieces of evidence underwent ballistics testing in the Pennsylvania State Police Ballistic Laboratory, and then they were returned to the Pennsylvania State Police Barracks in Chambersburg. (**See id.**).

The Commonwealth produced ten witnesses at the October 23, 2003 trial, including Sergeant Vernon Ashway of the Washington Township Police Department and Troopers G. David Peck and Todd Neumyer of the Pennsylvania State Police. Sergeant Ashway testified about his investigation of the March 3, 2002 robbery, his subsequent search of Appellant's vehicle, and his recovery of the Rossi .38 Special handgun. (**See** N.T. Trial, 10/23/03, at 56, 59).

Trooper Peck testified about his investigation of the January 30, 2002 Getty Mart robbery. (*See id.* at 81). He stated that Appellant became a suspect in that incident after the Trooper learned that he had been arrested for the subsequent, March 3, 2002 robbery. (*See id.* at 82).

Trooper Neumyer testified as an expert in the area of firearm and tool mark examination. (*See id.* at 92). He testified at length regarding his examination of the .38 Rossi Special revolver recovered from Appellant's vehicle on March 3, 2002, and the discharged .38 Special bullet recovered from the Getty Mart on February 2, 2002. (*See id.* at 99-101, 107-109). At the conclusion of his direct testimony, Trooper Neumyer stated his expert opinion that the Getty Mart bullet had been discharged from the Rossi revolver found in Appellant's car. (*See id.* at 108-09).

Appellant exercised his constitutional right not to testify on his behalf.

At the conclusion of the one-day trial, the jury convicted Appellant of all charges. On December 3, 2003, the court sentenced Appellant to an aggregate term of not less than eighty-one nor more than 168 months' imprisonment, which included a term of incarceration for the robbery charge of not less than seventy-two nor more than 132 months. The sentences imposed in this case were to run consecutively to a previously-imposed, unrelated sentence of not less than 102 nor more than 420 months' incarceration. Attorney James K. Reed represented Appellant at trial and sentencing; however, on Appellant's request, the court appointed new

counsel, Thomas J. Trgovac, Esquire, to represent Appellant following sentencing.

Although still represented by counsel, Appellant filed a *pro se* post-sentence motion the same day he was sentenced, raising the issues of sufficiency of the evidence and ineffectiveness of trial counsel for his failure properly to challenge the admission of a firearm and the Commonwealth's motion *in limine*, failure to provide Appellant with trial documents, and failure to call an alibi witness. On February 20, 2004, Attorney Trgovac filed an amended post-sentence motion on Appellant's behalf, specifically raising ineffective assistance of trial counsel for failure to call an alibi witness, and incorporating Appellant's *pro se* claims. The court denied the motion after a hearing on May 17, 2004, and granted Attorney Trgovac permission to withdraw his representation immediately after filing Appellant's direct appeal.

The court then appointed Michael J. Whare, Esquire, to represent Appellant on direct appeal. Attorney Whare raised one issue regarding the alleged ineffectiveness of trial counsel for failing to pursue an alibi defense. (*See* **Commonwealth v. Williams**, 880 MDA 2004, unpublished

memorandum at *3 (Pa. Super. Jan. 19, 2005)).  This Court affirmed Appellant's judgment of sentence on January 19, 2005.  (**See id.** at *1).[3]

Thereafter, on May 2, 2005, Appellant filed a *pro se* PCRA petition requesting that the court reinstate his right to file a petition for allowance of appeal to the Pennsylvania Supreme Court because Attorney Whare had not filed such a petition.  The court granted the motion and appointed new counsel for the limited purpose of filing a petition for review on Appellant's behalf.  Counsel did so and, on December 23, 2009, the Supreme Court denied Appellant review.  (**See Commonwealth v. Williams**, 986 A.2d 151 (Pa. 2009)).

On December 20, 2010, Appellant filed the instant PCRA petition *pro se*.  On March 8, 2011, the PCRA court denied Appellant the appointment of counsel and issued notice of its intent to dismiss the petition without a hearing.  **See** Pa.R.Crim.P. 907(1).  On May 23, 2011, the court dismissed the petition.  On June 22, 2011, Appellant filed a *pro se* notice of appeal.  On March 8, 2012, this Court vacated the PCRA court's May 23, 2011 order and

---

[3] As observed by this Court in our January 19, 2005 decision, "the trial court conducted an evidentiary hearing and addressed Williams's claims of ineffective assistance in its Opinion.  Consequently, we may address the merits of Williams's claim of ineffective assistance of counsel on direct appeal." (**Williams**, **supra** at *4 (citing **Commonwealth v. Bomar**, 826 A.2d 853 (Pa. 2003), *cert. denied*, 540 U.S. 1115 (2004) (announcing rule that, where ineffective assistance of counsel "claims have been raised and fully developed at a hearing in the trial court[,]" they may be considered on direct appeal)); **but see Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013) (limiting rule announced in **Bomar** to its facts).

remanded for the appointment of counsel because "[t]he PCRA petition Appellant filed after the Supreme Court denied his *nunc pro tunc* petition for allowance of appeal constituted Appellant's first PCRA petition." (***Commonwealth v. Williams***, 1224 MDA 2011, unpublished memorandum, at *4 (Pa. Super. filed March 8, 2012) (citing ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008))).

On June 5, 2012, the PCRA court appointed current PCRA counsel, Elizabeth A. Clark, Esquire, who filed an amended PCRA petition on Appellant's behalf, and continues to represent Appellant in this appeal. After argument and counsels' submission of briefs, the court denied Appellant's PCRA petition on December 18, 2013. Appellant timely appealed.[4]

Appellant raises seven issues for our review:

1. Did the [PCRA] court err in denying Appellant's claim for ineffective assistance of trial counsel when trial counsel failed to object to the reading of the stipulation before the jury, which caused irreversible prejudice to Appellant, and there is a reasonable probability that, but for trial counsel's error, the result of the proceedings would have been different?

2. Did the [PCRA] court err in denying Appellant's claim for ineffective assistance of trial counsel when trial counsel failed to object to the use of the term "subsequent robbery" before the jury at trial, which caused irreversible prejudice to Appellant,

---

[4] Appellant filed a timely Rule 1925(b) statement on January 31, 2014 pursuant to the court's order and the court filed an opinion on March 3, 2014. ***See*** Pa.R.A.P. 1925.

and there is a reasonable probability that, but for trial counsel's error, the result of the proceedings would have been different?

3. Did the [PCRA] court err in denying Appellant's claim for ineffective assistance of trial counsel when trial counsel referenced a subsequent robbery, which caused irreversible prejudice to Appellant, and there is a reasonable probability that, but for trial counsel's error, the result of the proceedings would have been different?

4. Did the [PCRA] court err in denying Appellant's claim for ineffective assistance of trial counsel when all of the aforementioned errors by trial counsel created a cumulative error, which caused irreversible prejudice to Appellant, and there is a reasonable probability that, but for trial counsel's error, the result of the proceedings would have been different?

5. Did the [PCRA] court err in denying Appellant's claims for violations of Article 1, Section 9 of the Constitution of the Commonwealth of Pennsylvania and the Sixth Amendment of the Constitution of the United States of America as a result of the cumulative error which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

6. Did the [PCRA] court err in denying Appellant's claims of violation of due process rights preserved by Article I, Sections 1, 9 and 11 of the Constitution of the Commonwealth of Pennsylvania and the Fifth and Fourteenth Amendments of the Constitution of the United States of America when the ineffective assistance of counsel led to the failure to properly preserve Appellant's right to challenge the discretionary aspects of his sentence?

7. Did the [PCRA] court err in denying Appellant's claim for ineffective assistance of appellate counsel when Appellant instructed Attorneys James K. Reed, Thomas J. Trgovac and Michael J. Whare to file post-sentence motions requesting that the trial court reconsider and/or modify the sentence, and appellate counsel's failure to timely file said motions caused Appellant's rights to be jeopardized and caused irreversible prejudice to Appellant, and there is a reasonable probability that, but for appellate counsel's error, the result of the proceedings would have been different?

(Appellant's Brief, at 4-5).

Our standard of review for an order denying PCRA relief is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).[5]

In his first issue, Appellant argues that "but for trial counsel's failure to object [to the publication of a portion of a stipulation to the jury], there is a

---

[5] In this case, each of Appellant's issues is premised, in whole or in part, on his assertion of trial counsel ineffectiveness. (*See* Appellant's Brief, at 4-5). The PCRA court and the Commonwealth suggest that these issues are waived for Appellant's failure to raise them in his direct appeal. (*See* PCRA Court Opinion, 12/18/13, at 3; Commonwealth's Brief, at 4); *see also* 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b). However, pursuant to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), "a claim raising trial counsel ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise a claim related to prior counsel's ineffectiveness." *Grant*, *supra* at 738. Therefore, here, although Appellant raised the issues of trial counsel's alleged ineffectiveness in his post-sentence motions and direct appeal, his new ineffectiveness claims are properly before us for our review. (*See Pro Se* Post-Sentence Motion, 12/18/03, at unnumbered pages 1-2; Amended Post-Sentence Motion, 2/20/04, at 1); *see also Grant*, *supra* at 738.

reasonable probability that the result of the proceedings would have been different." (Appellant's Brief, at 11). We disagree.

> The defendant's right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. In this regard, we apply a three-pronged test for determining whether trial counsel was ineffective, derived from our application in [**Commonwealth v.**] **Pierce**, . . . 527 A.2d [973,] 975 [(Pa. 1987)], of the performance and prejudice test articulated by the United States Supreme Court in **Strickland** [**v. Washington**], 486 U.S. [668,] 687 [(1984)]. The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. If a petitioner fails to prove any of these prongs, his claim fails. Moreover, counsel is presumed to be effective, and a petitioner must overcome that presumption to prove the three **Strickland**/**Pierce** factors.

**Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013) (quotation marks and some citations omitted). Counsel cannot be ineffective for failing to raise a meritless claim. **See Commonwealth v. Hall**, 701 A.2d 190, 203 (Pa. 1997) (citation omitted), *cert. denied*, 523 U.S. 1082 (1998). Finally, "counsel is presumed to be effective and the burden to show otherwise lies with the [petitioner]." **Commonwealth v. Singley**, 868 A.2d 403, 411 (Pa. 2005), *cert. denied,* 546 U.S. 1021 (2005) (citation omitted).

In this case, Appellant argues that trial counsel was ineffective for failing to object to the publication of "prejudicial material [because t]he portion of the [s]tipulation read to the jury twice referenced the . . . Rossi

- 10 -

revolver recovered from Appellant's vehicle on March 3, 2002[,]" making them aware of the prior, unrelated, receiving stolen property charges. (Appellant's Brief, at 13). Specifically, Appellant argues that trial counsel should have objected on the bases of Rules 403[6] and 404(b)[7] of the Pennsylvania Rules of Evidence on the grounds of relevancy and prior bad acts. (**See id.**). We disagree.

We first note that Trooper Ashway thoroughly testified about Appellant's involvement in the March 3, 2002 robbery prior to the publication of the stipulation to the jury. (**See** N.T. Trial, 10/23/03, at 56-65). Indeed, the stipulation was not prejudicial on its face and did not mention Appellant's receiving stolen property charges. It merely detailed the chain of custody of the evidence, stating that the police found a discharged bullet at the Getty Mart on February 2, 2002, they recovered a Rossi revolver containing matching undischarged bullets from Appellant's vehicle on March 3, 2002, they performed ballistics testing on the firearm and the ammunition, and

---

[6] Rule 403 provides: "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

[7] Pursuant to Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1).

they returned the evidence to the Pennsylvania State Police Barracks in Chambersburg, Pennsylvania. (*See* N.T. Trial, 10/23/03, at 89-91).

Accordingly, Appellant has failed to establish that, but for the stipulation regarding the chain-of-custody of the evidence, the outcome of the proceedings would have been different where the jury already was fully aware of the March 3, 2002 robbery. Therefore, the record supports the PCRA court's denial of this claim.[8] *See Simpson*, *supra* at 260; *Hall*, *supra* at 203. Appellant's first issue does not merit relief. *See Rykard*, *supra* at 1183.

Similarly, in his second issue, Appellant claims that "[t]rial counsel's failure to object to Trooper Peck's testimony of Appellant's arrest in a 'subsequent robbery' allowed prejudicial material to be published to the jury and caused irreversible prejudice." (Appellant's Brief, at 14). This issue does not merit relief.[9]

---

[8] Although the PCRA court dismissed all of Appellant's claims for different reasons than those on which we base our decision, (*see* PCRA Ct. Op., at 3-6), "we may affirm the PCRA court's decision on any basis." *Commonwealth v. Charleston*, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted).

[9] We note that we could find this issue waived for Appellant's failure to provide any pertinent law or discussion in support of his argument. (*See* Appellant's Brief, at 14); *see also* Pa.R.A.P. 2119(a)-(c). However, because we can discern his argument and conduct meaningful appellate review, we will review the issue on its merits.

As already noted, in its September 19, 2003 order, the court allowed the Commonwealth to introduce evidence of the subsequent, March 3, 2002 robbery, while reserving Appellant's right to raise any relevant objection. (**See** Order, 9/19/03, at 1). At trial, when asked how he developed Appellant as a suspect in this case, the officer stated that he was advised that Appellant had been arrested for a March 3, 2002 robbery. (**See** N.T. Trial, 10/23/03, at 82). We again observe that the jury was aware of the March 3, 2002 incident through the prior, thorough testimony of Trooper Ashway. (**See id.** at 56-65). Therefore, Trooper Peck merely was referring to evidence already properly before the jury that was relevant to his explanation of why he considered Appellant to be a suspect in the Getty Mart robbery.

Accordingly, because counsel cannot be ineffective for failing to make a meritless objection, the PCRA court properly denied this claim. **See Simpson**, **supra** at 260; **Hall**, **supra** at 203. Appellant's second issue does not merit relief.[10] **See Rykard**, **supra** at 1183.

In Appellant's third issue, he claims that "[t]he reference by . . . trial counsel to the subsequent robbery caused irreversible prejudice to

---

[10] We also note that, although trial counsel did not object to Trooper Peck's testimony, Appellant utterly fails to argue why counsel could not have had a reasonable basis for choosing not to object, or how the officer's comment prejudiced him such that, "but for the publication of this material, the result of the proceedings may have been different." (Appellant's Brief, at 14).

Appellant, and there is a reasonable probability that, but for trial counsel's error, the result of the proceedings would have been different." (Appellant's Brief, at 15). We disagree.

In support of this argument, Appellant quotes part of trial counsel's cross-examination of Trooper Neumyer, in which counsel stated, "[y]our examination of the gun establishes that the same gun that was recovered at the [March 3, 2002] robbery shortly thereafter was the same gun that fired the cartridge at the Getty Mart, correct?" (N.T. Trial, 10/23/03, at 111). However, a review of the record in its entirety reveals that counsel merely paraphrased the trooper's expert opinion. (*See id.* at 108-09, 111). Indeed, counsel followed up this question with: "But your examination cannot possibly tell you who discharged that weapon?" and the trooper responded: "No, that's correct, I cannot." (*Id.* at 111).

Based on our review, we conclude that trial counsel's question regarding the March 3, 2002 incident was reasonably calculated to set up his next question in which he was able to force Trooper Neumyer to admit that he did not know who fired the subject firearm. (*See id.*). Hence, counsel had a reasonable trial strategy for asking the question, and our inquiry ends there. *See Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa. 1994) (observing that "[o]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular

course chosen by counsel had some reasonable basis designed to effectuate his client's interests") (citation omitted).

Accordingly, the record supports the PCRA court's denial of relief on this claim. **See Simpson**, **supra** at 260; **Rykard**, **supra** at 1183. Appellant's third issue does not merit relief.

In his fourth and fifth issues, Appellant alleges that the cumulative effect of counsel's errors prejudiced him and "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." (Appellant's Brief, at 17; **see id.** at 15). Because we have concluded that the PCRA court properly denied relief on Appellant's first three allegations of trial counsel ineffectiveness, the claims of cumulative error in his fourth and fifth issues also were denied properly. **See Commonwealth v. Rolan**, 964 A.2d 398, 411 (Pa. Super. 2008) (concluding that "no number of failed claims may collectively attain merit if they could not do so individually"). Appellant's fourth and fifth issues do not merit relief.

Before reaching Appellant's sixth and seventh issues, we feel constrained to address *sua sponte* the legality of the sentence imposed for his robbery conviction. **See Commonwealth v. Thompson**, 93 A.3d 478, 494 (Pa. Super. 2014) ("Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court.") (citation omitted); (**see also** Sentencing Order, Count I, Robbery, 12/03/03, at 1). This issue involves

our application of section 9756 of the Sentencing Code and our plenary review. *See Commonwealth v. Hansley*, 47 A.3d 1180, 1185 (Pa. 2012) (noting that "statutory construction . . . is a question of law; thus, our review is plenary").

> The object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly" and each statute shall be construed, if possible, to give effect to all of its provisions, [1 P.S.] § 1921(a) . . . . We presume that the Legislature "does not intend a result that is absurd, impossible of execution or unreasonable" and "intends the entire statute to be effective and certain." *Id.* [at] § 1922(1), (2). The plain language of the statute is generally the best indicator of legislative intent. When the statutory language is free from ambiguity, a court should not disregard the letter of the statute in order to pursue its spirit. 1 Pa.C.S. § 1921(b). Penal provisions such as the one[] at issue here must be strictly construed. 1 Pa.C.S. § 1928(b)(1).

*Hansley*, *supra* at 1186 (case citations omitted).

Pursuant to section 9756(b)(1) of the Sentencing Code, "[t]he court **shall** impose a minimum sentence of confinement which **shall not** exceed one-half of the maximum sentence imposed." 42 Pa.C.S.A. § 9756(b)(1) (emphases added).

In this case, as part of Appellant's aggregate sentence of not less than eighty-one nor more than 168 months' incarceration, the court imposed a sentence of not less than seventy-two nor more than 132 months for his robbery conviction. (*See* Sentencing Order, Count I, Robbery, 12/03/03, at 1). Under the plain, unambiguous language of section 9756(b)(1), because the minimum imposed for the robbery conviction was more than one-half of

the maximum, it was illegal. *See* 42 Pa.C.S.A. § 9756(b)(1); *see also* *Hansley*, *supra* at 1186. Therefore, we are constrained to vacate the sentence.[11] *See Commonwealth v. Griffith*, 750 A.2d 324, 325 (Pa. Super. 2008) ("An illegal sentence must be vacated.") (citation omitted).

Due to the fact that vacating the robbery sentence upsets the trial court's overall sentencing scheme, we vacate the judgment of sentence in its entirety and remand for resentencing. *See Commonwealth v. Ruffin*, 16 A.3d 537, 544 (Pa. Super. 2011) (remanding entire judgment of sentence where vacating one sentence upset sentencing scheme).[12]

In conclusion, we affirm the PCRA court's order to the extent that it denied the claims addressed in Appellant's first through fifth issues. Further, we vacate the judgment of sentence in its entirety due to the illegal sentence imposed by the court for the robbery conviction; and remand for resentencing. Finally, we decline to reach Appellant's sixth and seventh issues because they are rendered moot by vacating the judgment of sentence.

---

[11] We are cognizant of the fact that Appellant's sentence was imposed over ten years ago and, in the interim, all involved have failed to question its legality. However, this issue is non-waivable, *see Thompson*, *supra* at 494, and appears on the face of the record. Because this case is properly before us, we believe we must raise the legality of sentence issue as part of our review of this case.

[12] We decline to address Appellant's sixth and seventh claims, since these raise discretionary aspects of sentence issues, and are rendered moot by our decision to vacate the sentence in its entirety.

Order affirmed. Judgment of sentence vacated and remanded for resentencing. Jurisdiction relinquished.

Jenkins, J., joins the Memorandum.

Donohue, J., files a Dissenting Statement.Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014