47 A.3d 1180

COMMONWEALTH of Pennsylvania, Appellant

v.

Frederick HANSLEY, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 29, 2011.

Decided July 17, 2012.

368

David J. Arnold, Nichole Lynn Eisenhart, Lebanon County District Attorney's Office, for Commonwealth of Pennsylvania.

Bryan S. Walk, Hershey, for Frederick Hansley.

Karl Baker, Ellen T. Greenlee, Peter Rosalsky, Defender Association of Philadelphia, Philadelphia, for Appellee Amicus Curiae, Defender Association of Philadelphia.

David R. Crowley, Mary Jean Glick, for Appellee Amicus Curiae, PA Criminal Defense Lawyers & Public Defender Association of PA.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Chief Justice CASTILLE.

The issue in this appeal is whether the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501–4512 ("RRRI Act"), which makes certain offenders eligible for release on parole before the expiration of their minimum terms of imprisonment, applies to defendants who are sentenced to mandatory minimum terms required by two drug trafficking sentencing provisions, 18 Pa.C.S. § 6317 and § 7508. The Superior Court concluded that the RRRI Act was applicable, and affirmed the judgments of sentence imposed by the trial court. For the reasons set forth below, we affirm.

On April 1, 2009, in accordance with negotiated plea agreements, appellee pled guilty to two separate cases of trafficking drugs. In the first case ("No. 1808"), appellee pled guilty to delivery of a controlled substance [1] and criminal use of a communication facility [2] after he sold less than ten grams of cocaine to a police detective on September 12, 2008. Since the delivery occurred within 1000 feet of a school, the Commonwealth invoked the mandatory sentencing provision at 18 Pa.C.S. § 6317(a), which requires imposition of a mandatory "minimum sentence of at least two years of total confinement." [3]

1. 35 P.S. § 780–113(a)(30).

2. 18 Pa.C.S. § 7512.

3. Section 6317, entitled "Drug-free school zones," states in pertinent part:

In the second case ("No. 1809"), appellee pled guilty to delivery of a controlled substance,[4] possession with intent to deliver a controlled substance,[5] criminal use of a communication facility,[6] possession of a controlled substance (two counts),[7] and possession of drug paraphernalia,[8] relating to a second sale of cocaine to the detective on October 15, 2008, as well as a search of appellee's residence which yielded approximately 24 grams of cocaine. Since the weight of the cocaine was greater than 10 grams but less than 100 grams, the Commonwealth invoked the mandatory sentencing provision at 18 Pa.C.S. § 7508(a)(3)(ii), which requires "a mandatory minimum term of imprisonment" of "three years."[9]

> (a) **General rule.**—A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), [35 P.S. § 780–113(a)(14) or (30)] known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university ... be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary....
>
> &#42;   &#42;   &#42;
>
> (c) **Authority of court in sentencing.**—There shall be no authority for a court to impose on a defendant to which this section is applicable a lesser sentence than provided for in subsection (a), to place the defendant on probation or to suspend sentence.... Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.
>
> 18 Pa.C.S. § 6317(a), (c).

4. 35 P.S. § 780–113(a)(30).

5. *Id.*

6. 18 Pa.C.S. § 7512.

7. 35 P.S. § 780–113(a)(16).

8. 35 P.S. § 780–113(a)(32).

9. Section 7508, entitled "Drug trafficking sentencing and penalties," states in pertinent part:

At the sentencing hearing on April 29, 2009, in accordance with the plea agreements, the trial court sentenced appellee to the applicable mandatory terms of imprisonment of two to four years in No. 1808 and three to six years in No. 1809, directing that the sentences be served concurrently. The Commonwealth objected to any determination that appellee was eligible for a recidivism risk reduction incentive ("RRRI") program, asserting that the mandatory minimum sentencing provisions of Sections 6317 and 7508 superseded the provisions of the RRRI Act. The trial court disagreed, and determined that appellee was an eligible offender pursuant to the RRRI Act. Accordingly, in addition to the mandatory sentences imposed under Section 6317 and Section 7508, the trial court

> (a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> \* \* \*
>
> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> \* \* \*
>
> (ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity ...
>
> (iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.
>
> \* \* \*
>
> (c) **Mandatory sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence....
>
> 18 Pa.C.S. § 7508(a)(3)(ii)-(iii) & (c) (footnotes omitted).

imposed an RRRI Act minimum sentence of 18 months in No. 1808 and 27 months in No. 1809. As a result, appellee was afforded the opportunity to be paroled six months and nine months earlier than he would be under the respective mandatory minimum terms imposed in the two cases.

The Commonwealth appealed, arguing that the trial court erred in applying the RRRI Act to the mandatory minimum penalties of Sections 6317 and 7508(a)(3)(ii). In its Pa.R.A.P. 1925(a) opinion, the trial court concluded that the General Assembly intended the RRRI Act to supplement existing sentencing law. While acknowledging that the RRRI Act reduced the time that some inmates would otherwise be incarcerated, the court reasoned that the RRRI Act reflected a legislative scheme that "emphasized rehabilitative programming instead of sentence modification." Tr. Ct. Op., 7/8/09, at 5. The court noted that the RRRI Act did not require offenders to be released prior to the expiration of the mandatory minimum sentence; it merely provided them with the opportunity for an earlier release upon completion of an RRRI program. Because certain drug offenders, even those subject to mandatory penalties like appellee, were not excluded from the definition of "eligible offender," the trial court determined that it did not err in evaluating appellee's RRRI eligibility as part of its sentencing determination.

The court further observed that the General Assembly required judges to comply with the existing Sentencing Code, as well as to apply the provisions of the RRRI Act. In this case, the court complied with these directives by imposing mandatory minimum sentences under the Sentencing Code, while also fashioning RRRI Act minimum sentences. Finally, to the extent that there was a conflict between the drug trafficking sentencing provisions and the RRRI Act, the trial court opined that the RRRI Act must prevail, since it was adopted more recently.

The Superior Court affirmed in a published opinion, agreeing that the mandatory drug trafficking sentencing provisions did not supersede the RRRI Act. *Commonwealth v. Hansley,* 994 A.2d 1150 (Pa.Super.2010). Applying the construction

tenet of *expressio unius est exclusio alterius* (matters not included in a statutory provision are deemed to be excluded), the panel concluded that the General Assembly did not intend to exclude appellee from RRRI Act eligibility because the mandatory sentencing provisions applicable to him were not included as any of the RRRI Act's specified conditions of ineligibility. Moreover, the court reasoned, the RRRI Act did not expand the trial court's authority to deviate from the mandatory minimum sentences; rather, the RRRI Act minimum sentence was conditional only, and indicated the point at which the offender—at the discretion of the Pennsylvania Board of Probation and Parole ("Parole Board")—may be released on parole.

The Commonwealth appealed from the Superior Court's decision, and we granted allocatur, rephrasing the issue only for clarity, as follows:

Whether the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S. §§ 4501–4512, is applicable to mandatory minimum penalties imposed pursuant to 18 Pa.C.S. § 7508 and 18 Pa.C.S. § 6317?

*Com. v. Hansley*, 608 Pa. 418, 12 A.3d 285 (2011) (*per curiam* order).

The Commonwealth challenges the trial court's application of the mandatory penalties of Sections 6317 and 7508 on several bases. First, the Commonwealth asserts that the trial court lacked the authority to impose lesser minimum penalties than those prescribed by those statutes. Because the imposition of a minimum sentence under the RRRI Act allows appellee to be released from prison before his mandatory minimum sentences expire, the Commonwealth concludes that the sentences imposed were illegal. Appellant's Br. at 14.

The Commonwealth next asserts that the drug trafficking sentencing statutes conflict with the RRRI Act, and the plain language of the former provisions establish that the General Assembly intended the mandatory penalties to "override" any other conflicting statutes, then-existing or later-adopted. The Commonwealth highlights the language in Section 6317(a),

which states that it applies "... notwithstanding any other provision of this title, The Controlled Substance, Drug, Device and Cosmetic Act or other statute to the contrary," and the language in Section 7508(a) which similarly states, "[n]otwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply...."

As an apparent alternative argument, the Commonwealth describes a manner in which the RRRI Act and the drug sentencing provisions may be read together so as to accomplish the objectives of each. With regard to Section 7508, the Commonwealth reasons that appellee must serve a term of incarceration in compliance with Section 7508, but that does not alter his status as an eligible offender under the RRRI Act for purposes of present and future crimes. The Commonwealth focuses on the phrase "has not been found guilty or previously convicted" in Section 4503(6) of the RRRI Act. It reasons that "[t]he exclusion of the violations of [35 P.S. § 780–113](a)(30) for the highest weight of drugs does not only impact the eligibility of the offender for RRRI in the current case, but also for future offenses." Appellant's Br. at 15–16. The Commonwealth then posits that, "[appellee] would be eligible for an RRRI [Act] minimum sentence if the trial court would have to run another sentence consecutive to Count 1 herein." *Id.* at 16. The Commonwealth explains that the RRRI Act defined "eligible offender" in this manner in order to put defendants on notice of the impact of these convictions in the future.

Reading Section 6317 and the RRRI Act together, the Commonwealth notes that the RRRI Act does not affirmatively mention school-zone mandatory penalties as being subject to the RRRI Act's minimum sentence. Because the school-zone statute does not affect future RRRI eligibility, the Commonwealth determines that the RRRI Act is still effective, even if it is deemed not to apply to Section 6317 drug offenders. Moreover, the Commonwealth continues, the language of Section 6317 indicates that that statute is superior to any other statute that conflicts with its mandatory penalties.

Finally, the Commonwealth relies on the rule of statutory construction dictating that when a general provision conflicts with a "specific" provision, they should be read in a manner that gives effect to both; and if the conflict cannot be reconciled, the specific provision controls the general one, unless the general provision is later in time and there is a "manifest intention" that the general provision control. 1 Pa.C.S. § 1933. The Commonwealth notes that "[s]tatutes designed to establish proper procedures for sentencing all defendants who commit crimes are general provisions." Appellant's Br. at 16–17 (citing *Commonwealth v. Klingensmith*, 437 Pa.Super. 453, 650 A.2d 444, 447 (1994)). In the Commonwealth's view, the RRRI Act is such a general provision since it "governs the sentencings of all defendants," whereas Sections 6317 and 7508 are specific provisions since they "are applicable only to a small subset of defendants...." Appellant's Br. at 17. Recognizing that the RRRI Act was enacted more recently than the mandatory penalties of Sections 6317 and 7508, the Commonwealth contends that the earlier-in-time provisions still control because there is no "manifest intention" that the general RRRI Act supersede those specific mandatory penalties.[10]

Appellee counters that the trial court did not err in applying the RRRI Act, and that the sentences imposed were entirely lawful. Since the Legislature specifically excluded only some drug offenses from RRRI Act eligibility, appellee argues, the logical conclusion is that the remaining offenders are eligible

**10.** The Commonwealth also maintains that this issue is justiciable even though the RRRI Act only makes appellee **eligible** for release at the expiration of the RRRI Act minimum sentences. The Commonwealth asserts that should appellee be paroled by the Parole Board per his RRRI Act minimum sentences "in violation of the mandates of [18 Pa.C.S. §§ 6317 and 7508], there would be little opportunity for court intervention at that time." Appellant's Br. at 14–15. Depending on the timing, the circumstances involving RRRI Act sentences could implicate ripeness (challenge too soon) or mootness (challenge too late). Notably, appellee does not argue that the issue is non-justiciable, and we are not inclined to raise the issue on our own, particularly in these circumstances. *Cf. Commonwealth ex rel. Kearney v. Rambler*, 613 Pa. 32, 32 A.3d 658, 663 (2011) (addressing matter that implicated exceptions to mootness doctrine for issues that are of great public importance or are capable of repetition while evading review).

for RRRI programs. Appellee's offenses were not ones designated by the RRRI Act as ineligible offenses. In appellee's view (and as the lower courts reasoned), the RRRI statute merely supplements the existing sentencing requirements. Thus, the sentencing judge still imposes mandatory sentences as required, but now must simply determine if the defendant is RRRI Act-eligible and if so, what his RRRI Act minimum sentence would be. Appellee analogizes the RRRI Act to the motivational boot camp program, 61 Pa.C.S. §§ 3901–3909, which allows a judge to designate an offender as boot-camp eligible even when imposing a mandatory minimum sentence.[11] Finally, if there is a conflict between the drug trafficking sentencing provisions and the RRRI Act, appellee maintains, the RRRI Act must be applied because it was the more recently adopted statute.

A number of criminal defense organizations have filed *amicus curiae* briefs in support of appellee. The joint brief submitted on behalf of the Pennsylvania Association of Criminal Defense Lawyers and the Public Defender Association of Pennsylvania largely echoes the rationale of the lower courts and appellee (*i.e.*, there is no statutory conflict because the mandatory sentence is imposed along with the RRRI Act minimum sentence). The second defense-side *amicus* brief, submitted by the Defender Association of Philadelphia, maintains that the mandatory minimum sentencing statutes and the RRRI Act are irreconcilable because the former prohibit what the latter expressly requires—a minimum term of incarceration less than that provided for in the mandatory minimum sentencing statutes. Because of this irreconcilability, *amicus* argues that the RRRI Act and the corresponding amendments to the Sentencing Code, which were enacted later than the mandatory minimum sentencing statutes, impliedly

---

11. A motivational boot camp program is a six-month program that includes, *inter alia*, rigorous physical activity, work on public projects, substance abuse treatment, continuing education, vocational training and pre-release counseling. 61 Pa.C.S. § 3903. Once an offender successfully completes the program, and following certification by the Department of Corrections to the Parole Board, he or she is entitled to immediate release on parole, regardless of any minimum sentence. *Id.* § 3907.

repeal the mandatory minimum sentencing statutes to the extent that they are irreconcilable.

■ The issue in this appeal involves statutory construction, which is a question of law; thus, our review is plenary. *Commonwealth v. Garzone*, 613 Pa. 481, 34 A.3d 67, 74 (2012). In interpreting statutes, we are guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991, as well as our decisional law.

■ The object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly" and each statute shall be construed, if possible, to give effect to all of its provisions, *id.* § 1921(a); consideration of the statute's provisions may include its preamble. *Id.* § 1924. We presume that the Legislature "does not intend a result that is absurd, impossible of execution or unreasonable" and "intends the entire statute to be effective and certain." *Id.* § 1922(1), (2). The plain language of the statute is generally the best indicator of legislative intent. *Commonwealth v. McCoy*, 599 Pa. 599, 962 A.2d 1160, 1166 (2009). When the statutory language is free from ambiguity, a court should not disregard the letter of the statute in order to pursue its spirit. 1 Pa.C.S. § 1921(b); *Commonwealth v. Cooper*, 611 Pa. 437, 27 A.3d 994, 1003 (2011). Penal provisions such as the ones at issue here must be strictly construed. 1 Pa.C.S. § 1928(b)(1).

When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are *in pari materia* and "should be construed together, if possible, as one statute." *Id.* § 1932. When two statutes appear to conflict, they shall be construed so that effect may be given to both, if possible. *Id.* § 1933. When the conflict between the provisions cannot be reconciled, "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." *Id.* Finally, if there is a conflict among statutes

enacted by different General Assemblies, "the statute latest in date of final enactment shall prevail." *Id.* § 1936.

With these principles in mind, we turn to an analysis of the language of the applicable statutes. The drug trafficking sentencing provisions (Sections 6317 and 7508), adopted in 1997 and 1988, respectively, require the imposition of a mandatory minimum sentence. These statutes unambiguously state that the mandatory sentencing provisions must be imposed "notwithstanding" any conflicting statutory provisions. *See* 18 Pa.C.S. §§ 6317(a), 7508(a).

In 2008, the Governor signed into law the RRRI Act, 61 Pa.C.S. §§ 4501–4512.[12] The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences. The express purpose of the chapter is:

> to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S. § 4502. The RRRI Act does not apply to all defendants, but only to certain "eligible offenders," a term that does not include those with a history of violent crime, convicted of certain sex offenses, or subject to a deadly weapon enhancement. *See id.* § 4503.[13]

---

**12.** The Act was originally adopted on September 25, 2008, and codified at Title 44, Chapter 53. On August 11, 2009, the General Assembly recodified the provisions at Title 61, Chapter 45.

**13.** Section 4503 defines "eligible offender" as follows:

"**Eligible offender.**" A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty

The RRRI Act prescribes separate duties for the sentencing judge and the Pennsylvania Board of Probation and Parole. When a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence, *see* 61 Pa.C.S. § 4505(a). The prosecutor may waive the eligibility requirements, but the court may refuse to accept that waiver

of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302 (relating to incest).
18 Pa.C.S. § 5901 (relating to open lewdness).
18 Pa.C.S. § 6312 (relating to sexual abuse of children).
18 Pa.C.S. § 6318 (relating to unlawful contact with minor).
18 Pa.C.S. § 6320 (relating to sexual exploitation of children).
18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms). Any offense listed under 42 Pa.C.S. § 9795.1 (relating to registration).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503. Effective December 20, 2012, the General Assembly amended paragraph (4) by substituting "Any sexually violent offense as defined in 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)" for "Any offense listed under 42 Pa.C.S. § 9795.1 (relating

after hearing from the victim. *Id.* § 4505(b). If the sentencing court concludes that a defendant is eligible for an RRRI Act minimum sentence, or the prosecutor has waived the eligibility requirements, then the court must impose the minimum and maximum sentences, as well as an RRRI Act minimum sentence. *Id.* § 4505(c)(1), (2); 42 Pa.C.S. § 9756. A court may decline to impose an RRRI Act minimum sentence if the offender has already been afforded two or more RRRI Act minimum sentences. 61 Pa.C.S. § 4505(c)(3). The court must also "compl[y] with all other applicable sentencing provisions, including provisions relating to victim notification and the opportunity to be heard." *Id.* § 4505(c)(4).

Although the court imposes an RRRI Act minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term. *See id.* § 4506(d) ("Nothing in this section shall be interpreted as granting a right to be paroled to any person...."). Instead, the Parole Board is tasked with issuing a decision to parole an offender upon completion of the RRRI Act minimum sentence only if the Parole Board independently determines that the offender has successfully completed the required recidivism risk reduction incentive or other similar program, as well as several other requirements (*e.g.*, it does not reasonably appear that defendant presents risk to public safety). *Id.* § 4506(a)(1)-(10).

Significantly, at the same time that the General Assembly passed the RRRI Act, it made corresponding changes to the Sentencing Code to provide for the possibility of parole before an offender's minimum sentence expired. In pertinent part, the Legislature amended Section 9756 of the Sentencing Code ("Sentence of total confinement") to include new subsection (b)(2), which states that "[t]he minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence **unless otherwise authorized by this section or other law.**" 42 Pa.C.S. § 9756(b)(2) (emphasis added). To account for the minimum

to registration)." *See* P.L. 446, No. 111, § 14 (December 20, 2011). The amendment does not affect the disposition of the instant matter.

sentence contemplated in the new RRRI Act, the Legislature also added new Section 9756(b.1) to the Sentencing Code, which provides:

**(b.1) Recidivism risk reduction incentive minimum sentence.**—The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). **If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence** except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1) (emphasis added).

■ Applying principles of statutory construction, we have no hesitation in concluding that the RRRI Act is applicable to the mandatory minimum penalties imposed pursuant to Sections 6317 and 7508. The RRRI Act's definition of "eligible offenders" includes a list of "eligibility requirements," all of which must be met. The eligibility requirements operate to exclude many crimes, and many circumstances, from the Act's scope. *See supra* n. 13 (quoting Section 4503). Notably, the eligibility requirement in subsection (6) specifically addresses drug offenders, but the requirement, by its terms, simply does not exclude an offender such as appellee. Rather, subsection (6) captures drug offenders who, *inter alia*, were subject to mandatory sentencing provisions other than Section 6317(a) and Section 7508(a)(3)(ii), the mandatory sentencing provisions applicable to appellee's crimes. *See* 61 Pa.C.S. § 4503(6) (listing eligible offender requirement that defendant "[h]as not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of [35 P.S. § 780–113], where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties)").

The RRRI Act eligibility provision is detailed, intricate, and plain; by its terms, appellee is an eligible offender. Moreover, the intricate construct reveals that the General Assembly made very specific judgments about which offenders and offenses were eligible. It did not exclude all drug offenders, or even all drug offenders subject to mandatory sentences. Appellee's circumstances qualify.

Moreover, setting aside the Commonwealth's other arguments for the moment, we disagree with the Commonwealth's assertion that the trial court imposed an illegal sentence by fashioning an RRRI Act minimum sentence that was less than the minimum penalties prescribed by the mandatory minimum sentencing provisions to which appellee was subject. To be sure, the alternative minimum sentences authorized under the RRRI Act may result in appellee's release from prison prior to the expiration of the mandatory minimum penalties required by Sections 6317 and 7508, but that fact does not make appellee's RRRI Act minimum sentence "illegal"; the RRRI Act alternative sentences, no less than the mandatory sentences imposed, are authorized by statute.

■ The classic claim of an "illegal sentence" is one that exceeds the statutory limits. *Commonwealth v. Bradley*, 575 Pa. 141, 834 A.2d 1127, 1131 (2003). Appellee's sentence is within those limits. Moreover, the Sentencing Code amendments require that an RRRI Act minimum sentence be imposed "in addition to a minimum sentence," not instead of the minimum sentence. 42 Pa.C.S. § 9756(b.1). In this case, the trial court imposed mandatory minimum sentences within the statutory limits, in accordance with Sections 6317 and 7508, and also imposed RRRI Act minimum sentences, in accordance with the RRRI Act. We discern no impediment to implementation of the directive in Sections 6317 and 7508 that the drug trafficking sentencing provisions shall be applied "notwithstanding" any other provisions because, in this case, that is exactly what occurred.

Nor are we persuaded by the Commonwealth's alternative argument that the RRRI Act and the mandatory sentencing

provisions may be read together so that each remains effective. The Commonwealth's argument regarding Section 7508, while creative, is not supported by the plain language of the RRRI Act. As we have explained, under the plain language of the eligibility provisions, an offender such as appellee is RRRI Act-eligible. Nothing in Section 4503(6) dictates that an offender such as appellee is RRRI Act-eligible only if the trial court implements a consecutive sentencing scheme, or that the RRRI Act applies only to future crimes, as the Commonwealth suggests.

Regarding Section 6317, the Commonwealth asserts that the mandatory minimum penalty of Section 6317 overrides the RRRI Act, such that the RRRI Act remains effective only relative to some statutory provisions, but not Section 6317. Again, that analysis does not comport with the terms of the RRRI Act. We conclude that the interpretation explained above—that both the mandatory minimum sentence and the RRRI Act minimum sentence are to be imposed for RRRI Act-eligible offenders-is the one that follows the plain language of the statutes, and gives effect to all of the relevant provisions, consistent with principles of statutory construction. 1 Pa.C.S. § 1933.

Finally, we are not convinced by the Commonwealth's theory that the supposedly "specific" (i.e., special) provisions of the drug trafficking sentencing statutes control the more "general" provisions of the RRRI Act. The Commonwealth designates the drug trafficking sentencing provisions as the "specific" ones because they "appl[y] to a small subset of defendants." But, that classification is mutable; by the Commonwealth's own theory, the RRRI Act could be deemed to be the controlling "specific" provision since it too may be deemed to "appl[y] to a small subset of defendants," in light of its myriad eligibility exclusions.

Even if the Commonwealth's designation of the RRRI Act as the general statute was persuasive, Section 1933 of the Statutory Construction Act counsels that the general provision controls if it is later in time and there is a manifest intention that the general provision prevail. 1 Pa.C.S. § 1933. The

RRRI Act was adopted many years after the mandatory sentencing provisions at issue, and the General Assembly's intention that the RRRI Act should apply to all eligible offenders, such as appellee, is manifest in the legislative design. The General Assembly obviously was aware of existing mandatory sentences; in listing the requirements for offender eligibility, it cited some-but notably not all—of those provisions. The plain language suggests that the Legislature made very conscious and careful decisions concerning this new sentencing alternative.

Furthermore, when the General Assembly drafted the RRRI Act, it simultaneously amended the Sentencing Code by adding 42 Pa.C.S. § 9756(b)(2) to permit a modification of a minimum sentence, and 42 Pa.C.S. § 9756(b.1), to require that the trial court impose an RRRI Act minimum sentence "in addition to the minimum sentence." This fact corroborates that the Legislature was aware of the effect of the RRRI Act on the Sentencing Code, and crafted a group of amendments that allowed the RRRI Act to work in conformity with other sentencing statutes, including those involving mandatory minimum sentences.

We recognize that the effect of the RRRI Act may be to reduce the total time in prison that an offender subject to a mandatory minimum sentence must serve. But, it is eminently clear from the plain language of the legislation that the General Assembly intended that result—for a limited class of statutorily defined defendants, upon the completion of several conditions, and subject to the controlling discretion of the Parole Board. Our plain language interpretation accords with the legislative intent as we understand it, and gives effect to all provisions of the relevant sentencing statutes. Accordingly, the decision below is affirmed.

Justice ORIE MELVIN did not participate in the decision of this matter.

Justices SAYLOR, EAKIN, BAER, TODD and McCAFFERY join the opinion.