J-S57024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| ANDRE LAVONE JONES, | | |
| Appellant | | No. 1331 EDA 2017 |

Appeal from the Judgment of Sentence March 17, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0006129-2010

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 **FILED FEBRUARY 26, 2018**

Andre Lavone Jones ("Jones") appeals from the judgment of sentence imposed following a **_Gagnon II_**[1] hearing, wherein the trial court found him in violation of the terms of his probation, and sentenced him to 18 to 36

_____

[1] **_See Gagnon v. Scarpelli_**, 411 U.S. 778 (1973) (discussing revocation hearings).  "[W]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **_Gagnon I_** hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a **_Gagnon II_** hearing, is required before a final revocation decision can be made."  **_Commonwealth v. Allshouse_**, 969 A.2d 1236, 1240 (Pa. Super. 2009) (citations omitted).

months in prison.  We vacate in part, and remand.[2]

On January 4, 2011, Jones entered a plea of guilty to the charge of conspiracy to commit robbery.[3]  He was sentenced to 11½ to 23 months in prison, followed by three years' probation.  On July 5, 2012, Jones was found in violation of his parole,[4] and sentenced to 395 days' confinement, followed by three years of probation.  On September 12, 2015, after Jones was released on probation, he was arrested in Philadelphia County for theft by unlawful taking, receiving stolen property, carrying firearms without a license, and carrying firearms in Philadelphia.[5]  Jones subsequently pled guilty, on January 5, 2017, to receiving stolen property and carrying firearms without a license.  The Commonwealth withdrew the remaining charges.  The trial court

---

[2] Previously, Jones's counsel had filed a Petition to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967).  This Court denied the Petition, and directed counsel to submit an advocate's brief or a new **Anders** brief within thirty days of the date of our Memorandum, as we had identified a potentially non-frivolous issue.  Counsel has filed an advocate's brief, and the Commonwealth has filed a response.  Accordingly, we now address the remaining issue that Jones presents for our review.

[3] **See** 18 Pa.C.S.A. § 903.  Jones also had been charged with robbery, but that count was *nolle prossed*.

[4] The certified record does not indicate the date on which Jones was released on parole.

[5] **See** Docket Number CP-51-CR-0011081-2015.  For the case that is the subject of this appeal, Jones was charged under the name Andre Lavone Jones.  For the Philadelphia case in which he was charged while on probation, Jones used the alias Andrew L. Jackson.

sentenced Jones to a prison term of two to four years, followed by five years of probation, and Jones was held to be eligible to serve his sentence in motivational boot camp, but ineligible for the Recidivism Risk Reduction Incentive ("RRRI") Act program.

On March 17, 2017, the Delaware County trial court held a ***Gagnon II*** hearing, at which the court found that Jones had violated his probation. At the hearing, Jones's counsel represented that, "as a result of the conviction out of Philadelphia, they made a stipulation for him to be allowed to be eligible to boot camp[.]" N.T., 3/17/17, at 4.[6] Jones's counsel then clarified, "[Jones's] impression is that Philadelphia made him eligible." ***Id.*** at 4-5. Jones's counsel requested that the revocation court "put something in there that would make him still eligible for boot camp so he wouldn't lose that – the access to that." ***Id.*** at 4.

After the court replied that Jones was "ineligible for boot camp," the prosecutor stated, "Philadelphia could waive it, Your Honor, could waive that ineligibility, but under the strict guidelines of" the RRRI Act, Jones is ineligible "unless the Commonwealth waived it [in the Delaware County case], which we are not." N.T., 3/17/17, at 4-5. The revocation court responded as follows:

_____

[6] The notes of testimony for the Philadelphia guilty plea hearing are not in the certified record.

I'm reading all the boot camp guidelines, and it says the Judge must indicate in [the] sentencing order that to be considered for boot camp, you need to apply, but the Department of Corrections makes the final determination. However, it's my reading of the Information that with these prior charges and the fact that your original case here is Criminal Conspiracy to Robbery, that they're not going to – they're not going to accept you. You're not eligible, and they're not going to accept you for boot camp anyhow based on what you have.

*Id.* at 5-6.

The revocation court ultimately found Jones ineligible for RRRI, because conspiracy to commit robbery is a crime expressly ineligible for an RRRI sentence under 61 Pa.C.S.A. § 4503. N.T., 3/17/17, at 4–7. The court sentenced Jones to a period of 18 to 36 months of incarceration, consecutive to Jones's sentence for his Philadelphia convictions. Cert. of Sentencing, 3/17/17, at 1. Jones did not file a post-sentence motion.

Jones timely appealed, and, on April 27, 2017, Jones's counsel filed a statement of intent to file an **Anders** brief. He subsequently filed an **Anders** brief on July 10, 2017, stating that the appeal was wholly frivolous. Following a remand by this Court, counsel has filed an advocate's brief on behalf of Jones, and presents the following claim for our review: "Did the trial court err in imposing a sentence on [] Jones that specified that he did not qualify and could not serve his sentence in a boot camp program?" Brief for Appellant at 8.

Jones argues that the sentencing court erred in concluding that his conviction of criminal conspiracy to commit robbery rendered him ineligible to

serve his sentence in a boot camp program. *Id.* at 13. Jones asserts that his conviction of criminal conspiracy to commit robbery, under 18 Pa.C.S.A. § 903, "is not included on the list of offenses that exclude a defendant from eligibility to participate in such a program and no waiver by the Commonwealth is required for him to do so." Brief for Appellant at 13. According to Jones, the statute sets forth the specific crimes that render a defendant ineligible for motivational boot camp. *Id.* As criminal conspiracy is not included on the list, Jones contends that the trial court erred in concluding that he is ineligible for boot camp. *Id.*

The claim raised by Jones involves statutory construction, which is a question of law; thus, our review is plenary. *Commonwealth v. Garzone*, 34 A.3d 67, 74 (Pa. 2012). In interpreting statutes, we are guided by the Statutory Construction Act. 1 Pa.C.S.A. §§ 1501-1991.

The object of all statutory interpretation "is to ascertain and effectuate the intention of the General Assembly" and each statute shall be construed, if possible, to give effect to all of its provisions. *Id.* § 1921(a). "The best indication of the General Assembly's intent is the plain language of the statute." *Commonwealth v. Chester*, 101 A.3d 56, 62 (Pa. 2014). When the statutory language is free from ambiguity, a court should not disregard the letter of the statute in order to pursue its spirit. 1 Pa.C.S.A § 1921(b); *Commonwealth v. Cooper*, 27 A.3d 994, 1003 (Pa. 2011). Consequently, only when the words of a statute are ambiguous should a reviewing court seek

to ascertain the intent of the General Assembly through consideration of the various factors found in Section 1921(c). *Chester*, 101 A.3d at 63 (citing 1 Pa.C.S.A. § 1921(c)). Of particular note, the Statutory Construction Act instructs that "[e]xceptions expressed in a statute shall be construed to exclude all others." 1 Pa.C.S.A. § 1924. Further, penal provisions, such as the ones at issue here, must be strictly construed. *Id.* § 1928(b)(1).

"Motivational boot camp" is defined by statute as

[a] program in which eligible inmates participate for a period of six months in a humane program for motivational boot camp programs which shall provide for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, continuing education, vocational training, prerelease counseling and community corrections aftercare.

61 Pa.C.S.A. § 3903. Section 3904(b) requires the sentencing judge to

employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program.

*Id.* § 3904(b).

The motivational boot camp provisions define an "[e]ligible inmate," who may participate in the program, as follows:

A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less, or an inmate who is serving a term of confinement, the minimum of which is not

- 6 -

more than three years where that inmate is within two years of completing his minimum term, and who has not reached 40 years of age at the time he is approved for participation in the motivational boot camp program. The term shall not include any inmate who is subject to a sentence the calculation of which included an enhancement for the use of a deadly weapon as defined pursuant to the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing, any inmate who has been convicted or adjudicated delinquent of any crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) **or any inmate with a current conviction or a prior conviction within the past ten years for any of the following offenses:**

> 18 Pa.C.S. § 2502 (relating to murder).

> 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).

> 18 Pa.C.S. § 2506 (relating to drug delivery resulting in death).

> 18 Pa.C.S. § 2901(a) (relating to kidnapping).

> 18 Pa.C.S. § 3301(a)(1)(i) (relating to arson and related offenses).

> 18 Pa.C.S. § 3502 (relating to burglary) in the case of burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present.

> **18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery).**

> 18 Pa.C.S. § 3702 (relating to robbery of motor vehicle).

> 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii) or (4)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 3903 (emphasis added).

Under the express language of the statute, an inmate convicted of robbery is ineligible for motivational boot camp. *Id.* However, the General

Assembly did not list the crime of criminal conspiracy, 18 Pa.C.S.A. § 903, as an offense the conviction of which renders an inmate ineligible for motivational boot camp. Because the General Assembly chose not to specifically include criminal conspiracy as an offense rendering an inmate ineligible for motivational boot camp, it follows that this choice was intentional. **See** 1 Pa.C.S.A. § 1924 (providing that that "[e]xceptions expressed in a statute shall be construed to exclude all others."). Thus, we conclude that Jones's conviction of criminal conspiracy does not render him ineligible for motivational boot camp.

Our analysis is similar to that employed by our Supreme Court in **Commonwealth v. Hansley**, 47 A.3d 1180 (Pa. 2012). In **Hansley**, the Supreme Court considered whether the appellant was ineligible for sentencing to an RRRI program,[7] because he was subject to mandatory minimum penalties of imprisonment for drug trafficking under 18 Pa.C.S.A. § 6317 (setting forth sentences for offenses in drug-free zones), and § 7508(a)(3)(ii). **Hansley**, 47 A.3d at 1183. Our Supreme Court observed that the RRRI Act, when defining the term "eligible offender" in 61 Pa.C.S.A. § 4503, expressly designated several mandatory minimum terms from 18 Pa.C.S.A. § 7508(a) as ineligible for RRRI, but did not designate as RRRI ineligible the particular mandatory term from Section 7508(a), under which the appellant had been

---

[7] **See** 61 Pa.C.S.A. §§ 4501 *et seq.*

sentenced. ***Hansley***, 47 A.3d at 1188. The Supreme Court ultimately concluded that the mandatory minimum penalty in question, having not been listed as ineligible in the RRRI Act, did not disqualify the appellant from eligibility. ***Id***. at 1188-89. In so holding, the Supreme Court explained that

> [t]he RRRI Act eligibility provision is detailed, intricate, and plain; by its terms, [the defendant] is an eligible offender. Moreover, the intricate construct reveals that the General Assembly made very specific judgments about which offenders and offenses were eligible. It did not exclude all drug offenders, or even all drug offenders subject to mandatory sentences. [The defendant's] circumstances qualify.

***Hansley***, 47 A.3d at 1188-89.

Similarly, the motivational boot camp eligibility provision, at issue herein, is "detailed, intricate, and plain[.]" ***Id.*** at 1188. Moreover, this intricate construct reveals that the General Assembly made very specific judgments about which offenders and offenses were eligible, and chose not to list criminal conspiracy as an offense that would render the inmate ineligible. Consequently, under the plain language of the statute, Jones is an eligible inmate. ***See*** 61 Pa.C.S.A. § 3903.

Accordingly, we conclude that the trial court erred in determining that Jones's past conviction for criminal conspiracy rendered him ineligible for motivational boot camp under 61 Pa.C.S.A. § 3903. Thus, we vacate the judgment of sentence and remand for reconsideration of Jones's eligibility for motivational boot camp.

Judgment of sentence vacated in part. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction is relinquished.

Judge Solano did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/18