J-S21022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                      :

                    v.                  :
                                        :
                                        :

WALTER STERLING              :
                                        :
            Appellant          :     No. 1308 WDA 2017

Appeal from the Judgment of Sentence August 14, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003814-2016

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                FILED MAY 07, 2018

Walter Sterling (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of multiple counts of burglary, criminal trespass, conspiracy, theft by unlawful taking or disposition, and criminal mischief.[1] For the reasons that follow, we affirm.

Appellant's convictions in this matter stem from multiple residential burglaries that occurred in Erie County, Pennsylvania between March 7, 2016 and March 28, 2016. Prior to his trial and following a waiver of counsel colloquy, Appellant elected to relinquish his appointed trial counsel and proceed pro se. On June 23, 2017, a jury found Appellant guilty of four counts of burglary graded as a first-degree felony, four counts of criminal trespass,

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3503(a)(1), 903(a), 3921(a), 3304(a)(2).

four counts of conspiracy, four counts of theft by unlawful taking or disposition, and two counts of criminal mischief.

On August 14, 2017, the trial court sentenced Appellant to an aggregate term of four to ten years of incarceration followed by twenty years of probation on the burglary charges. The trial court also imposed four concurrent terms of ten years of probation on Appellant's conspiracy charges. Appellant's charges of criminal trespass and theft by unlawful taking or disposition merged for purposes of sentencing. The trial court imposed no further penalty for Appellant's charges of criminal trespass. At sentencing, the trial court noted that Appellant was not eligible for sentencing in accordance with the Recidivism Risk Reduction Incentive (RRRI) program.

On August 23, 2017, Appellant filed a post-sentence motion, which the trial court denied on August 25, 2017. On September 11, 2017, Appellant filed a timely notice of appeal. For his appeal, Appellant requested the appointment of counsel and the trial court re-appointed trial counsel to represent him. On September 13, 2017, the trial court ordered Appellant to file a timely concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On September 28, 2017, Appellant, now represented by counsel, filed a counseled Rule 1925(b) statement.

On October 10, 2017, the trial court appointed appellate counsel to replace trial counsel for Appellant's appeal.[2] On October 23, 2017, the trial court filed its Rule 1925(a) opinion in response to Appellant's Rule 1925(b) statement. On October 25, 2017, the trial court transmitted the certified record to this Court.

On January 18, 2018, Appellant filed a "Petition to File Supplemental Concise Statement Nunc Pro Tunc" in which Appellant argued that extraordinary circumstances existed warranting the filing of a supplemental Rule 1925(b) statement because the issues raised in Appellant's Rule 1925(b) statement are waived. On January 30, 2018, the trial court denied Appellant's petition. The trial court concluded that the arguments contained in the petition did not demonstrate extraordinary circumstances warranting the filing of a supplemental Rule 1925(b) statement. Order, 1/30/17, at 3. The court further explained that appellate counsel filed the petition more than three months after her appointment, and long after the court issued its Rule 1925(a) opinion and transmitted the certified record to this Court. Id. at 2-3.

On appeal, Appellant presents the following issues for review:

> 1. Did the trial court abuse its discretion or err when it denied Appellant's request to file a Supplemental Concise Statement Nunc Pro Tunc?

---

[2] The record is unclear as to the reason for trial counsel's departure from this case.

2. Did the sentencing court commit an error of law, thereby imposing an illegal sentence, when it determined that Appellant's prior record precluded his eligibility for a RRRI sentence?

Appellant's Brief at 9.

First, Appellant argues that the trial court erred in denying his petition to file a supplemental Rule 1925(b) statement. Appellant contends that extraordinary circumstances exist warranting the allowance of filing a supplemental Rule 1925(b) statement because the only issues raised in Appellant's original 1925(b) statement are waived and the issues he now seeks to raise are meritorious.

Generally, under Rule 1925(b), the trial court "shall allow the appellant at least 21 days" . . . for the filing and service of [a Rule 1925(b)] Statement." Pa.R.A.P. 1925(b). Rule 1925(b) permits the filing of a supplemental statement in two limited circumstances. First, Rule 1925(b)(2) provides that, "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed." Pa.R.A.P. 1925(b)(2). Second, Rule 1925(b)(2) also provides, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc." Pa.R.A.P. 1925(b)(2). With respect to the nunc pro tunc filing of a Rule 1925(b) statement, the Note to Rule 1925(b)(2) explains:

> In general, nunc pro tunc relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. See, e.g., In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election, [] 843 A.2d 1223, 1234 ([Pa.]

- 4 -

2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed nunc pro tunc.") Courts have also allowed nunc pro tunc relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. McKeown v. Bailey, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. Id.; Amicone v. Rok, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify nunc pro tunc relief).

Pa.R.A.P. 1925(b)(2), note.

In this case, there are no extraordinary circumstances that would warrant permitting the filing of a supplemental Rule 1925(b) statement nunc pro tunc. Appellant at no point has asserted that a breakdown in the process occurred, nor has he alleged any other circumstance envisioned by the rule or the explanatory note. Additionally, our review of the record reveals the complete absence of extraordinary circumstances. Although Appellant asserts that extraordinary circumstances exist in this case because the issues raised in his original Rule 1925(b) are waived and the issues he seeks to now raise are meritorious, there is no indication, either in Rule 1925 itself or in any other authority, that such a scenario constitutes extraordinary circumstances. Moreover, Appellant waited over three months after the trial court issued its Rule 1925(b) opinion and transmitted the record to this Court to request permission to file a supplemental Rule 1925(b) statement. Thus, even if extraordinary circumstances did exist in this case, Appellant simply waited too long to attempt to supplement his Rule 1925(b) statement. See Pa.R.A.P.

1925(b)(2), note. Accordingly, Appellant's first issue does not entitle him to relief.

Second, Appellant argues that the trial court imposed an illegal sentence. Specifically, Appellant asserts that the trial court erred in determining that he was ineligible to be sentenced in accordance with the Recidivism Risk Reduction Incentive (RRRI) program, 61 Pa.C.S.A. §§ 4501-4512.

The question of whether a defendant is RRRI eligible "presents a question of statutory construction and implicates the legality of the sentence imposed." Commonwealth v. Quiles, 166 A.3d 387, 392 (Pa. Super. 2017) (quotations and citation omitted). "Therefore, our standard of review is de novo and the scope of our review is plenary." Id. (quotation and citation omitted). Additionally, although Appellant failed to preserve this issue in his Rule 1925(b) statement, "[c]hallenges to the legality of the sentence are not waivable." Commonwealth v. Jacobs, 900 A.2d 368, 372 (Pa. Super. 2006).

The RRRI program "permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." Commonwealth v. Hansley, 47 A.3d 1180, 1186 (Pa. 2012). Section 4503 defines an "eligible offender," in relevant part, as follows:

> "Eligible offender." A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

> (1) Does not demonstrate a history of present or past violent behavior.

61 Pa.C.S.A. § 4503.

Appellant concedes that a conviction of burglary graded as a first-degree felony constitutes "violent behavior" for purposes of determining RRRI eligibility. See Commonwealth v. Chester, 101 A.3d 56, 57 (Pa. 2014) (holding that "that first-degree burglary, which we have consistently viewed as a violent crime in this Commonwealth, is 'violent behavior' as contemplated by the RRRI Act"). Nevertheless, Appellant contends that he is an "eligible offender" for the RRRI program because he has not demonstrated "a history of present or past violent behavior."[3] Appellant argues that his four convictions of burglary in this case do not disqualify him from RRRI eligibility. In so arguing, Appellant relies on our Supreme Court's recent decision in Commonwealth v. Cullen-Doyle, 164 A.3d 1239 (Pa. 2017).

In Cullen–Doyle, the defendant pled guilty to, inter alia, one count of burglary graded as a first-degree felony. Id. at 1240. The defendant requested a RRRI sentence, which the trial court denied. On appeal, this Court affirmed, concluding that the defendant "was ineligible for the RRRI program based solely on his present conviction for [burglary,]" which constituted a

_____

[3] Appellant raises several arguments in support of his claim that he is RRRI eligible. Because we find this argument dispositive, we decline to address his remaining arguments.

- 7 -

history of present or past violent behavior. Id. at 1241. Thus, on appeal to the Supreme Court, the issue in Cullen-Doyle was whether a single conviction for burglary demonstrates "a history of present or past violent behavior" for the purposes of Section 4503. Id. at 1240.

The Supreme Court vacated this Court's order and held that a "single, present conviction for a violent crime does not constitute a history of violent behavior." Id. at 1244. The Court explained that the RRRI program's stated purpose was to encourage eligible offenders to participate in the program in order to reduce the likelihood of recidivism. Id. at 1242. The Court acknowledged a "commonly accepted corollary … that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct." Id. (footnote omitted). Thus, the Court reasoned that the General Assembly "sought to offer greater reform opportunities for first-time offenders than repeat offenders." Id. at 1243. The Court explained that if it were to broadly construe Section 4503 to render a defendant ineligible for the RRRI program based on "a single instance of 'violence,'" it would impose "eligibility requirements that are so stringent that a large number of individuals who could potentially reform through participation in RRRI programming will be prevented from participating." Id.

Cullen-Doyle, however, is readily distinguishable from the instant matter for two reasons. First, in this case, unlike Cullen-Doyle, a jury found Appellant guilty of four counts of burglary committed over a period of

approximately three weeks, whereas the defendant in Cullen-Doyle pled guilty to one charge of burglary. Second, Appellant acknowledges that his Presentence Investigation Report indicates that he also has a 2016 Ohio conviction of resisting arrest. This Court has held that the crime of resisting arrest constitutes "violent behavior" for purposes of determining RRRI eligibility. Commonwealth v. Finnecy, 135 A.3d 1028, 1037 (Pa. Super. 2016). Notably, although Appellant acknowledged his prior 2016 Ohio conviction for resisting arrest in his appellate brief and that it constitutes a conviction of "violent behavior," Appellant offers no argument that the conviction does not disqualify him from RRRI eligibility. Therefore, the record established that Appellant has a "history of present or past violent behavior." Accordingly, we conclude that the trial court did not err in determining that Appellant was disqualified from eligibility for an RRRI sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2018