J-S06014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY DEROSE | : | |
| | : | |
| Appellant | : | No. 992 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 11, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004041-2021,
CP-22-CR-0004043-2021, CP-22-CR-0004756-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY DEROSE | : | |
| | : | |
| Appellant | : | No. 512 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 11, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004041-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY DEROSE | : | |
| | : | |
| Appellant | : | No. 513 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 11, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004043-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :             PENNSYLVANIA
                                    :
           v.                        :
                                    :
                                    :
JAMES ANTHONY DEROSE          :
                                    :
          Appellant             :    No. 514 MDA 2023

Appeal from the Judgment of Sentence Entered May 11, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004756-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:           **FILED: JUNE 26, 2023**

Appellant, James Derose, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County after Appellant entered guilty pleas to counts of retail theft, theft by unlawful taking, and theft from an automobile. On May 11, 2022, the trial court imposed consecutive sentences of incarceration in a state correctional institution. Appellant filed post-sentence motions, which the trial court denied on June 28, 2022. This timely appeal followed.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant filed a single notice of appeal from orders entered on three separate dockets. Following remand in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Appellant filed separate notices of appeal docketed in this Court at No. 512 MDA 2023, No. 513 MDA 2023, and No. 514 MDA 2023, respectively, and the trial court certified the supplemental record to this Court. By order entered April 11, 2023, we consolidated the appeals *sua*
*(Footnote Continued Next Page)*

Although Appellant asks us to consider three sentencing issues in his appeal, we find no need to address all issues, as we find his first issue dispositive. Therefore, we confine our discussion to the following:

  1. Did the trial court err[] in failing to make a finding as to RRRI eligibility as required by case law?

Appellant's Brief at 6.[2]

As our Supreme Court explained in **Commonwealth v. Hansley**, 47 A.3d 1180 (Pa. 2012):

  In 2008, the Governor signed into law the [Recidivism Risk Reduction Inventive ("RRRI")] Act, 61 Pa.C.S. §§ 4501-4512. The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences. . . . The RRRI Act does not apply to all defendants, but only to certain "eligible offenders," a term that does not include those with a history of violent crime, convicted of certain sex offenses, or subject to a deadly weapon enhancement. **See** [61 Pa.C.S.] § 4503.

  The RRI Act prescribes separate duties for the sentencing judge and the Pennsylvania Board of Probation and Parole. **When a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence, see 61 Pa.C.S. § 4505(a).**

**Id.** at 1186-87 (emphasis added) (footnotes omitted).

_____

*sponte* for further proceedings at the original docket, No. 992 MDA 2022. **See** Order, 4/11/23.

[2] Appellant's remaining issues challenged the legality of his sentence.

- 3 -

In **Commonwealth v. Finnecy**, 249 A.3d 904 (Pa. 2021), our Supreme Court addressed RRRI Act sentences. The Court looked to the Sentencing Code and considered, in particular,

> the language of the Sentencing Code concerning the imposition of RRRI Act sentences:
>
> > The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence[.]
>
> 42 Pa.C.S. § 9756(b.1). This statute makes clear that sentencing courts are required to make an assessment as to an offender's eligibility for a sentence under the RRRI Act and lack discretion to forego imposing one where an offender is eligible. A sentencing court's incorrect determination regarding an offender's eligibility, which results in the failure to impose a reduced sentence, necessarily involves a challenge to the sentencing court's authority to impose a particular sentence.

**Id.** at 912. In **Commonwealth v. Robinson**, 7 A.3d 868 (Pa. Super. 2010), this Court recognized the mandate of Section 9756, which "requir[es] sentencing courts to determine if a defendant is eligible for an RRRI minimum sentence. Accordingly, where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Id.** at 871 (footnote omitted).

Our review of the sentencing hearing transcript confirms that the trial court did not determine whether Appellant was RRRI eligible before imposing

a sentence of imprisonment in a state correctional institution. *See* Notes of Testimony, Sentencing, 5/11/22. Therefore, in accordance with **Robinson**, the sentence is illegal.

In its Rule 1925(a) opinion, the trial court addressed its failure to determine RRRI eligibility, stating:

> Appellant asserts that this court imposed an illegal sentence on all dockets by failing to state whether he was RRRI eligible or not. This court agrees and requests remand for a declaration of RRRI eligibility in the event that the Superior Court deems it necessary.

Trial Court Rule 1925(a) Opinion, 9/12/22, at 12 (some capitalization omitted).

As the above-quoted case law excerpts confirm, RRRI eligibility must be determined before a trial court may impose a sentence of incarceration in a state correctional institution. Because the trial court failed to do so, resulting in an illegal sentence, it is necessary for us to vacate Appellant's judgment of sentence and remand to the trial court for a determination of Appellant's eligibility for RRRI.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/26/2023</u>