J-A27031-18

2019 PA Super 169

| IN THE INTEREST OF: R.E.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF:  R.E.L., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 631 EDA 2018 |

Appeal from the Order Entered February 2, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-JV-0000010-2012,
CP-52-JV-0000074-2011

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.:                      **FILED MAY 24, 2019**

The Commonwealth appeals from the order granting R.E.L.'s petition for expungement of his juvenile court records. The Commonwealth contends that expungement was improper under 18 Pa.C.S.A. § 9123(a)(4) because it did not consent. We reverse.

R.E.L. was adjudicated delinquent in 2012 for committing various violations of the criminal code, including simple assault, harassment, and burglary.[1] He was discharged from placement in a juvenile facility in February 2014, and the court terminated his supervision in September 2017, when he reached the age of 21.

On November 3, 2017, R.E.L. filed a Petition to expunge his juvenile record. R.E.L. alleged that he had completed a Heating, Ventilation, and Air

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), and 3502(a).

Conditioning ("HVAC") program, and obtained several HVAC certificates; maintained employment; enlisted in the United States Army Reserves; completed basic training; and received a diploma from United States Army Military Police School as a Certified Corrections Officer and Certified Corrections/Detention Specialist. The Petition also alleged that if his juvenile record was not expunged, R.E.L. could be discharged from the military.

The Commonwealth did not file a written response to the Petition. The court held a hearing on December 13, 2017, at which the Commonwealth orally objected to expungement. The court nonetheless granted the Petition, and ordered the Clerk of Courts of the Pike County Court of Common Pleas, the Pennsylvania State Police, and other agencies to expunge R.E.L.'s juvenile records.

In its Rule 1925(a) opinion, the trial court explained that it granted the Petition pursuant to 18 Pa.C.S.A. § 9123(a)(4). The court stated that although this section of the statute requires both the Commonwealth's consent to expungement and the court's consideration of four enumerated factors, the Commonwealth had waived objection to expungement by failing to respond to the Petition within 30 days, as required by Pa.R.J.C.P. 170(D)(2).

The Commonwealth appealed, presenting the following issue:

> Whether the lower court committed an error when granting . . . R.E.L.'s Petition for Expungement pursuant to 18 Pa.C.S.A. [§] 9123(a)(4), when the Commonwealth did not consent to the expungement?

Commonwealth's Br. at 10.

The Commonwealth argues that a court cannot grant expungement under 18 Pa.C.S.A. § 9123(a)(4) unless the Commonwealth consents, and that the Commonwealth's waiver of objections under Rule 170(D)(2) by failing to file a timely response does not satisfy the affirmative consent required by the statute. The Commonwealth posits that Rule 170(D)(2)'s imposition of waiver is applicable to expungement requests which do not rely on the section requiring the Commonwealth's consent. The Commonwealth also argues that this Court examined Section 9123(a)(4) in *In re R.R.*, 57 A.3d 134 (Pa.Super. 2012), and determined "that an expungement cannot be granted unless the attorney for the Commonwealth consents[.]" Commonwealth's Br. at 20.

In return, R.E.L. argues that the court correctly found that the procedures outlined in Rule 170(D)(2), including waiver of objections by the Commonwealth, applied to his expungement petition, and that "[t]o find otherwise would essentially make the Rules of Juvenile Court Procedure inapplicable to the Commonwealth." R.E.L.'s Br. at 8.

The Statutory Construction Act, 1 Pa.C.S.A. §§ 1501–1991, guides our analysis. *See* Pa.R.J.C.P. 101(D) (providing that rules of juvenile court procedure are to be "construed in consonance with the rules of statutory construction"); *Commonwealth v. Hansley*, 47 A.3d 1180, 1185 (Pa. 2012). "[T]he polestar of statutory construction is to determine the intent of the legislature and to give effect to all provisions of a statute, if possible." *R.R.*, 57 A.3d at 139. To do so, we "must give plain meaning to the words of the statute." *Id.*; *see also* 1 Pa.C.S.A. § 1921. When two rules or statutes

"appear to conflict, they shall be construed so that effect may be given to both, if possible." **Hansley**, 47 A.3d at 1186 (citing 1 Pa.C.S.A. § 1933); **see also Lohmiller v. Weidenbaugh**, 469 A.2d 578, 580 (Pa. 1983).

Statutory interpretation presents a question of law. **R.R.**, 57 A.3d at 139. Thus, our standard of review is *de novo* and the scope of our review is plenary. **Id.** We apply the same standard to construction of the Rules of Juvenile Court Procedure. **In Interest of D.C.D.**, 171 A.3d 727, 736 n.13 (Pa. 2017).

Section 9123(a) of the Criminal History Record Information Act ("CHRIA")[2] establishes various eligibility requirements for the expungement of juvenile records. 18 Pa.C.S.A. § 9123(a). Section 9123(a)(4), at issue here, provides eligibility when the court finds:

> (4) the attorney for the Commonwealth consents to the expungement and a court orders the expungement after giving consideration to the following factors:
>
>> (i) the type of offense;
>>
>> (ii) the individual's age, history of employment, criminal activity and drug or alcohol problems;
>>
>> (iii) adverse consequences that the individual may suffer if the records are not expunged; and
>>
>> (iv) whether retention of the record is required for purposes of protection of the public safety.

18 Pa.C.S.A. § 9123(a)(4). Despite apparent eligibility established by Section 9123(a), Section 9123(a.1) provides that petitioners are ineligible for

---

[2] 18 Pa.C.S.A. § 9101-9183.

expungement if they were found delinquent for committing certain offenses when over the age of 14, or "[u]pon cause shown." **Id.** at § 9123(a.1).

Rule 170 of the Rules of Juvenile Court Procedure is titled "Motion to Expunge or Destroy Records." Pa.R.J.C.P. 170. Subsection A of the Rule generally tracks Section 9123(a)'s eligibility requirements for expungement of certain juvenile records. **See** Pa.R.J.C.P. 170(A). Other subsections relate to court procedures for expungement. **See** Pa.R.J.C.P. 170(B), (C). Rule 170(D)(2), relevant here, provides that the Commonwealth waives objections to expungement if it fails to make them within 30 days of the filing of the expungement petition. The Rule states:

**D. Answer.**

(1) The attorney for the Commonwealth, and any other person upon whom the motion was served, may file an answer to the motion.

(2) If objections to the motion are not made within thirty days of the filing of the motion, they shall be deemed waived.

Pa.R.J.C.P. 170(D).

We previously considered Section 9123(a)(4) and an apparent conflict with Rule 170 in **In re R.R.** In that case, two petitioners sought expungement of their juvenile records under Section 9123(a)(4). **R.R.**, 57 A.3d at 135-36. The trial court denied both petitions because the Commonwealth did not consent to the expungement. The petitioners appealed, arguing that interpreting the statute to allow the Commonwealth to veto an expungement

petition undermined the spirit of CHRIA and conflicted with Rule 170(E). *Id.* at 137-38. At the time we decided *R.R.*, Rule 170(E) stated, "Unless the attorney for the Commonwealth consents to expunging the records, the court shall schedule and conduct a hearing, and thereafter grant or deny the motion." *Id.* at 138 (citing former Rule 170(E)). The petitioners argued that the Rule's language indicated that if the Commonwealth did not consent, the court could still grant the petition after holding a hearing.

We denied relief. As we "recognize[d] some ambiguity" in the language of Section 9123(a)(4), we turned to the legislative intent as demonstrated by discussions on the House floor specifically regarding a proposal to strike the reference to the Commonwealth's consent from Section 9123(a)(4). *R.R.*, 57 A.3d at 141. We observed that one opponent to striking the language explained that the amendment adding (a)(4) "provide[d] an additional avenue by which juveniles can seek and be granted expungement":

> First of all, I would point out to the members of the House that if the juvenile remains crime free for a period of 5 years, the right to expungement is left solely to the court, as the gentleman would have it.[3] What we are suggesting in this bill is that if an individual who has not had that 5–year period elapse after they had been adjudicated delinquent and if they wish to have their records expunged, that the only way that can be done or even considered by the court is if the district attorney of that county approves or consents.
>
> . . .
>
> The reason we are doing that is because the district attorney, as the chief law enforcement officer in the county, elected by the

---

[3] *See* 18 Pa.C.SA. § 9123(a)(3).

people of your particular county, is charged with the responsibility of helping to insure public safety, and these records may be valuable for law enforcement purposes. And so if a record is to be expunged before that period of time in which a 5–year timeframe elapses in which the person is crime free, we feel, I feel, and the sponsors of this bill feel that it is entirely appropriate that the chief law enforcement officer in the county put his or her stamp of approval on that petition.

*Id.* at 141-43 (quoting the House Legislative Journal, 2/28/95, at 173-75). We noted that these remarks evinced the General Assembly's intent in CHRIA to "balance[] the help received by the juvenile and the stigma attached to an adjudication of delinquency against the protection of public safety." *Id.* at 143 (citing *In re A.B.*, 987 A.2d 769, 774 (Pa.Super. 2009)).

In addition, we concluded that the statute requiring the Commonwealth's consent did not conflict with the hearing procedure outlined in the previous version of Rule 170(E). Rather, we found the Rule only indicated that the Commonwealth's consent could control whether the court was required to hold a hearing. *R.R.*, 57 A.3d at 143. Ultimately, we held that Section 9123(a)(4) "allows the Commonwealth to deny consent, **a determination by the Commonwealth that cannot be overridden by the juvenile court**." *Id.* (emphasis added).

In 2014, following our decision in *R.R.*, the Supreme Court amended Rule 170. The current version of Rule 170(E) makes no mention of consent by the Commonwealth, and instead states, "The court shall conduct a hearing or grant or deny the motion after giving consideration to [four enumerated]

- 7 -

factors."[4] It thus has no import to the instant case. The Court also added Rule 170(D)(2), requiring the Commonwealth to assert any objection to the petition within 30 days or waive all objections.[5] Thus, the issue of waiver, and whether Rule 170(D)(2) conflicted with Section 9123(a)(4), was not in issue in *R.R.*

However, our analysis in *R.R.* remains relevant, as it acknowledges that our legislature crafted Section 9123(a)(4) with explicit consideration that a petition must not be granted under that section unless the Commonwealth, as gatekeeper, consents. In light of this, we cannot condone an interpretation of the statute that equates silence by the Commonwealth as a "stamp of approval on [a] petition." *R.R.*, 57 A.3d at 142 (quoting the House Legislative Journal, 2/28/95, at 173-75).

Moreover, our construction of the statute does not conflict with the plain language of the Rule. Rule 170(D)(2) addresses the Commonwealth's ability

---

[4] Those factors are:

> (1) the type of offense;
>
> (2) the individual's age, history of employment, history of academic or vocational training, delinquent or criminal activity, and drug or alcohol issues;
>
> (3) adverse consequences that the individual may suffer if the records are not expunged; and
>
> (4) whether retention of the record is required for purposes of public safety.

Rule 170(E).

[5] In 2012, when we decided *R.R.*, Rule (D) provided that the Commonwealth "may" file an answer to a petition for expungement; it did not impose waiver for failing to do so within a certain time frame.

to lodge an objection to a petition. Black's Law Dictionary defines "objection" as, "A formal statement opposing something that has occurred, or is about to occur, in court and seeking the judge's immediate ruling on the point." Black's Law Dictionary (10th ed. 2014). Accordingly, Rule 170(D)(2) imposes a time limit in which the Commonwealth may oppose expungement, in order to seek the judge's ruling on the grounds for opposition. In contrast, Section 9123(a)(4) requires the court find the Commonwealth gave consent before granting expungement. *See* 18 Pa.C.S.A. § 9123(a)(4) (providing expungement shall occur whenever the court finds "the attorney for the Commonwealth consents to the expungement"). "Consent" is defined as, "A voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, esp. given voluntarily by a competent person." Black's Law Dictionary (10th ed. 2014). A failure to object is plainly not the giving of consent.

In addition, the plain language of Section 9123(a)(4) does not give the court authority to overrule the Commonwealth's denial of consent, as the court may do after an "objection." Rather, according to its terms, the statute bestows the Commonwealth with the authority to grant or withhold consent. Only after the court finds that the Commonwealth consents does the statute imbue the court with the authority to consider the four enumerated factors and grant or deny expungement.

Finally, requiring affirmative consent by the Commonwealth prior to expungement under Section 9123(a)(4) does not render "the Rules of Juvenile

Court Procedure inapplicable to the Commonwealth." R.E.L.'s Br. at 8. The Commonwealth is still obligated to lodge timely objections pursuant to Rule 170(D)(2) when it opposes any of the other avenues for eligibility provided by Section 9123(a), or risk waiver of those objections. The Commonwealth could even lodge a timely objection where it **consents** to expungement under Section 9123(a)(4), if, for example, it did not wholly agree with the allegations in the Petition.

As the Commonwealth did not consent to the expungement of R.E.L.'s juvenile records, the trial court erred in granting the petition and ordering expungement under Section 9123(a)(4). We therefore reverse the order of the trial court.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/19