J-S07034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.A.V., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | No. 803 WDA 2020 |

Appeal from the Order Entered July 17, 2020
In the Court of Common Pleas of McKean County
Domestic Relations at No(s):  CP-42-JV-0000079-2019

| | | |
|---|---|---|
| IN THE INTEREST OF C.A.V., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.A.V. | : | No. 847 WDA 2020 |

Appeal from the Dispositional Order Entered July 17, 2020
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-JV-0000079-2019

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED: May 19, 2021**

Appellant/Cross-Appellee, the Commonwealth of Pennsylvania, and Appellee/Cross-Appellant, C.A.V. ("Juvenile"), appeal from the order entered in the McKean County Court of Common Pleas, granting Juvenile's post-dispositional motion *nunc pro tunc* and ordering a new adjudication hearing. We affirm.

The relevant facts and procedural history of this appeal are as follows. In June 2019, fourteen-year-old Juvenile and his father were living with a family friend and her children. One of the children, eight-year-old A.W., alleged that Juvenile "covered his mouth and dragged him from his upstairs room, across a hallway, and into Juvenile's room, where [Juvenile] tried to sexually assault A.W." (Adjudication Court Opinion, filed September 24, 2020, at 2). Specifically, A.W. claimed that Juvenile "[s]tuck his penis up my butt." (N.T. Adjudication Hearing, 1/15/20, at 40). A.W. informed his mother about the incident, and she encouraged him to report Juvenile's behavior to school officials, "knowing that they were mandated reporters." (*Id.* at 48).

On October 28, 2019, the Commonwealth filed a petition alleging that Juvenile committed the delinquent acts of rape, statutory sexual assault, and involuntary deviate sexual intercourse.[1] The court conducted an adjudication hearing on January 15, 2020. On January 16, 2020, the court entered an order adjudicating Juvenile delinquent based upon rape and statutory sexual assault. The court ordered Juvenile to remain in placement at an adolescent center and scheduled the matter for a dispositional hearing.[2]

The court conducted the dispositional hearing on February 11, 2020. At that time, Juvenile's counsel asked the court to appoint new counsel for any

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3122.1(a)(1), and 3123(a)(1), respectively.

[2] At the time of the adjudication, Juvenile was already in placement due to a separate, open dependency case. (*See* Adjudication Court Opinion at 2 n.9).

appeal, because counsel believed he had had been ineffective in defending Juvenile at the adjudication hearing. (*See* N.T. Dispositional Hearing, 2/11/20, at 12). The court agreed to appoint new counsel. The court also placed Juvenile on probation for six (6) to twelve (12) months, and it ordered Juvenile to perform community service, submit to a mental health evaluation, and have no contact with the victim or any member of the victim's family. (*Id.* at 21-22).

On February 18, 2020, the court appointed current counsel, directing him to meet with Juvenile and determine whether Juvenile wished to pursue an appeal. Juvenile timely filed a counseled notice of appeal on March 10, 2020. Juvenile subsequently filed a motion to withdraw the appeal, which this Court granted on May 11, 2020.

On May 22, 2020, Juvenile filed a motion for *nunc pro tunc* relief with the adjudication court, seeking permission to file a post-dispositional motion *nunc pro tunc*. Juvenile argued that current counsel did not obtain the relevant transcripts until after he filed the notice of appeal, and counsel's review of the transcripts revealed a weight of the evidence claim that prior counsel failed to preserve. On May 27, 2020, the court granted Juvenile's motion and ordered him to file a post-dispositional motion *nunc pro tunc* within ten (10) days.

Juvenile timely filed his post-dispositional motion *nunc pro tunc* on June 5, 2020. Juvenile challenged the weight of the evidence supporting his

adjudication, claiming that the victim was not credible. Among other things, Juvenile emphasized that the victim's statements to investigators differed from his hearing testimony. (*See* Post-Dispositional Motion *Nunc Pro Tunc*, filed 6/5/20, at 7). Juvenile also requested that the court vacate his adjudication and dismiss the delinquency petition. The court conducted a hearing on July 7, 2020. On July 17, 2020, the court granted relief in the form of a new adjudication hearing.

The Commonwealth timely filed a notice of appeal on July 29, 2020. On August 10, 2020, Juvenile filed his own notice of appeal. The parties subsequently filed Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. On August 19, 2020, this Court consolidated the cross-appeals *sua sponte*.

At No. 803 WDA 2020, the Commonwealth raises the following issues for our review:

> Did the trial court [err] in granting [J]uvenile's *nunc pro tunc* motion to permit Juvenile to file a post-dispositional motion … where the trial court did not permit or request an answer from the Commonwealth in violation of Pa.R.J.C.P. 622?
>
> Did the trial court [err] in granting [J]uvenile's *nunc pro tunc* motion where in [J]uvenile's motion it states that "[t]he juvenile, on the understanding that he would be permitted, *nunc pro tunc*, to file a post-dispositional motion, has withdrawn his appeal in this matter."?
>
> Did the trial court [err] in granting [J]uvenile's post-dispositional motion for the stated reason "that Juvenile's motion raises issues of proof as to some alleged [offenses] and that it is in the interest of justice to address such issues," where the sole issue raised by [J]uvenile in the

post-dispositional motion was a challenge to the weight of the evidence pursuant to Pa.R.J.C.P. 415?

Did the trial court [err] in granting [J]uvenile a new adjudicatory hearing where the court never determined or found that the court's own verdict was against the weight of the evidence?

Did the trial court [err] in granting [J]uvenile's post-dispositional motion as the verdict and/or adjudicatory finding was not so contrary to the evidence to shock one's sense of justice, where the nine (9) year old victim testified that [Juvenile] sexually assaulted him by sticking his penis up his butt while he covered his mouth with his hand?

Did the trial court [err] in granting a new adjudicatory hearing, as the adjudication was not against the weight of the evidence where the testimony of the victim, even if uncorroborated, provided [a] basis for the verdict?

(Commonwealth's Brief at 4-5).

In its first two issues, the Commonwealth relies on Pennsylvania Rule of Juvenile Court Procedure 622 for the proposition that it may file an answer to a juvenile's motion for *nunc pro tunc* relief within ten (10) days. The Commonwealth contends it did not have the opportunity to file an answer to Juvenile's May 22, 2020 motion for *nunc pro tunc* relief, where the court granted the motion five (5) days after its filing. If it had been able to file an answer, the Commonwealth states it would have questioned why Juvenile waited thirty-two (32) days after obtaining the relevant transcripts to file his motion for *nunc pro tunc* relief. The Commonwealth concludes Juvenile and the court failed to comply with the applicable Rules of Juvenile Court Procedure. We disagree.

An appellate court's standard of review for issues relating to the construction of the Rules of Juvenile Court Procedure is *de novo*, and its scope of review is plenary. ***Interest of R.E.L.***, 212 A.3d 59, 61 (Pa.Super. 2019). Rule 622 governs the filing of motions for *nunc pro tunc* relief as follows:

**Rule 622. Motion for *Nunc Pro Tunc* Relief**

**A.    Timing.** A motion for *nunc pro tunc* relief shall be filed by the juvenile with the clerk of courts in the court in which the alleged error occurred as soon as possible but **no later than sixty days** after the date that the error was made known.

*    *    *

**D.    Answer.**

(1)    The Commonwealth may answer the motion. If the Commonwealth chooses to respond to the motion, such response shall:

(a)    be submitted within ten days of receipt of the motion; and

(b)    include a verification that the facts set forth in the answer are true and correct to the best of the attorney's personal knowledge or information and belief and that any false statements are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities;

(2)    The court may order the Commonwealth to file an answer within a timeframe established by the court.

Pa.R.J.C.P. 622(A), (D) (emphasis added).

The Rules of Juvenile Court Procedure also provide a mechanism for a court to grant a motion for *nunc pro tunc* relief without conducting a hearing:

**Rule 625. Hearing and Findings on Motion for *Nunc Pro Tunc* Relief**

*  *  *

> **B.     Grant with No Hearing.** If sufficient facts exist in the record to warrant relief, the judge may grant the motion without a hearing. If the judge grants the motion, it shall be granted within thirty days of the filing of the motion unless an extension is granted.

Pa.R.J.C.P. 625(B).

Instantly, Juvenile filed his motion for *nunc pro tunc* relief on May 22, 2020. In the motion, Juvenile stated: 1) current counsel did not represent Juvenile at the adjudication or dispositional hearings; 2) current counsel simultaneously filed a notice of appeal and request for transcripts; 3) current counsel reviewed the transcripts and determined that he wanted to raise a weight claim; and 4) prior counsel failed to preserve the weight claim. (***See*** Motion for *Nunc Pro Tunc* Relief, filed 5/22/20, at ¶¶6-15). Juvenile also explained that current counsel "did not determine that a challenge to the weight of the evidence was a potential claim … until he reviewed transcripts of the hearings that were held; and this did not occur until nearly 2 months after the dispositional order was entered."[3] (***Id.*** at ¶17). Consequently, Juvenile requested permission to file a post-dispositional motion *nunc pro*

_____

[3] The juvenile court's docket entries confirm that counsel filed a motion for transcripts on March 10, 2020, and the transcripts were filed on April 8, 2020. Pursuant to Rule 622(A), Juvenile timely filed his motion for *nunc pro tunc* relief on May 22, 2020, within sixty (60) days of the filing of the transcripts.

*tunc*.

The juvenile court reviewed the record, determined that the change in counsel hampered Juvenile's ability to raise the weight claim, and granted Juvenile's request to file a post-dispositional motion *nunc pro tunc*. Although the Commonwealth now complains that it did not have an opportunity to provide any input before the court granted relief, the language of Rule 622 makes clear that the filing of an answer to a motion for *nunc pro tunc* relief is not mandatory. Pa.R.J.C.P. 622(D). Moreover, pursuant to Rule 625(B), the court did not even need to conduct a hearing if sufficient facts of record supported its decision.

Here, we agree with the court that prior counsel's failure to preserve the weight challenge constituted a sufficient fact to justify the granting of Juvenile's motion for *nunc pro tunc* relief without a hearing or answer from the Commonwealth. **See** Pa.R.J.C.P. 625(B). Therefore, the court complied with the applicable Rules of Juvenile Court Procedure, and the Commonwealth is not entitled to relief for its first two issues. **See R.E.L., supra**.

In its remaining issues, the Commonwealth asserts that the juvenile court did "not address any aspect of the weight of the evidence challenge" in its order granting Juvenile's post-dispositional motion *nunc pro tunc*. (Commonwealth's Brief at 16). Absent more, the Commonwealth maintains the court improperly granted relief. Moreover, the Commonwealth insists that the finding of delinquency did not shock one's sense of justice. The

Commonwealth argues the victim's testimony adequately established that a sexual assault occurred, and such testimony was corroborated by evidence of the victim's statements from his forensic interview. The Commonwealth concludes that the court lacked any basis to grant Juvenile's post-dispositional motion *nunc pro tunc*, and this Court must vacate the order awarding a new adjudication hearing. We disagree.

The following principles govern our review of weight of the evidence claims in juvenile proceedings:

> [T]he general rule in this Commonwealth is that a weight of the evidence claim is primarily addressed to the discretion of the judge who actually presided at trial. In reviewing a trial court's adjudication of a weight of the evidence claim, an appellate court determines whether the trial court abused its discretion based upon review of the record; its role is not to consider the underlying question in the first instance. Thus, a weight of the evidence claim must be presented to the trial court so that it may address it in the first instance.
>
> Once a weight of the evidence claim has been presented to the trial court, it then reviews the evidence adduced at trial and determines whether notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. A trial court should award a new trial if the verdict of the fact finder is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Stated another way, [a] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. These principles have been deemed equally applicable to the adjudication of weight of the evidence challenges brought in juvenile court proceedings.

*In re J.B.*, 630 Pa. 124, 155-56, 106 A.3d 76, 95 (2014) (internal citations and quotation marks omitted).

Instantly, the court conducted a hearing on July 7, 2020. At that time, Juvenile's counsel provided argument on the inconsistencies between the victim's statements to investigators and his hearing testimony. (*See* N.T. Hearing, 7/7/20, at 4-8). In particular, counsel noted that the victim initially stated that he was anally raped **and** forced to perform oral sex. At the adjudication hearing, however, the victim testified that he was anally raped, but he was not forced to perform other sex acts.

In its order granting Juvenile's post-dispositional motion *nunc pro tunc*, the court stated that it had considered counsel's arguments and found, "*inter alia*, that Juvenile's motion raises issues of proof as to some alleged [offenses] and that it is in the interest of justice to address such issues." (Order, filed 7/17/20). Thus, the court addressed Juvenile's weight claim and concluded that there were problems with the evidence supporting the finding of delinquency.

To the extent the Commonwealth also insists that the victim's testimony adequately supported an adjudication of delinquency for the offenses at issue, we reiterate that a weight claim concedes that the evidence is sufficient to sustain the adjudication. *See J.B., supra*. On appeal, this Court's review is limited to determining whether the court abused its discretion based upon a review of the record, and we decline the Commonwealth's invitation to find

such an abuse in this case. *Id.* Therefore, the Commonwealth is not entitled to relief on its remaining claims.[4]

At No. 847 WDA 2020, Juvenile raises the following issue for our review:

> Whether the trial court erred in awarding a new adjudicatory hearing after granting [J]uvenile's post-dispositional motion challenging the weight of the evidence, rather than vacating the adjudication of delinquency and dismissing the petition alleging delinquency.

(Juvenile's Brief at 2).

On appeal, Juvenile acknowledges that, "[i]n the adult criminal context, the proper remedy for a finding that a jury's verdict was against the weight of the evidence is for a new trial to be awarded." (Juvenile's Brief at 17). Juvenile avers, however, that Pa.R.J.C.P. 415 governs weight claims in juvenile court, and the rule does not contain any language requiring a new adjudicatory hearing. Moreover, Juvenile emphasizes that judges are factfinders in juvenile court, and "[i]f the Judge … determines that his/her original decision was against the weight of the evidence presented, the Judge … should change his/her verdict based upon a weight of the evidence challenge." (*Id.* at 18). Juvenile concludes the court erred by granting a new

---

[4] In its brief, the Commonwealth also complains that the juvenile court's Rule 1925(a) opinion uses prior counsel's ineffectiveness as a separate reason to justify a new adjudicatory hearing. (*See* Commonwealth's Brief at 16). As we have already determined that the juvenile court did not err in ruling on Juvenile's weight claim, we do not address the Commonwealth's additional argument. *See In re Jacobs*, 15 A.3d 509 (Pa.Super. 2011) (stating Superior Court is not bound by rationale of trial court and may affirm on any basis).

adjudication hearing rather than vacating the prior adjudication and dismissing the Commonwealth's delinquency petition. We disagree.

Rule 415 addresses weight challenges as follows:

**Rule 415.  Challenge to the Weight of the Evidence**

**A.   Timing and Manner.**  A claim that a ruling on the offense or an adjudication of delinquency was against the weight of the evidence shall be raised with the juvenile court judge:

(1)   by oral motion, on the record, at any time after the ruling or adjudication and before disposition;

(2)   by written motion at any time after the ruling or adjudication and before disposition; or

(3)   in a post-dispositional motion pursuant to Rule 620(A)(1).

**B.   Decision.**  If the claim is raised before disposition:

(1)   the judge shall decide the motion before entering disposition and shall not extend the date for disposition or otherwise unduly delay the disposition hearing in order to dispose of the motion; and

(2)   the claim shall be preserved for appeal.

**C.   Appeal.**  An appeal of a decision shall be governed by the timing requirements of Rule 620(B)(2) or (3), whichever applies.

*Comment:* The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the juvenile court judge or it will be waived.  … When a claim is raised pursuant to paragraph (A)(1) or (A)(2), it need not be raised again in a post-dispositional motion to preserve the claim for appeal.

Pa.R.J.C.P. 415.  Further, "a weight of the evidence challenge in a juvenile

matter assumes the evidence was sufficient to adjudicate the juvenile delinquent beyond a reasonable doubt, but asks the juvenile court to reassess its adjudication to determine whether certain facts of record are so weighty that they warrant **the grant of a new adjudication hearing**.” ***J.B., supra*** at 156-57, 106 A.3d at 95-96 (emphasis added).

Instantly, Rule 415 provides guidance regarding how juveniles may challenge the weight of the evidence. The comment to the rule expressly states that the rule’s purpose concerns preservation of weight issues in juvenile court. Significantly, the rule makes no pronouncement regarding the type of relief available for a successful weight claim.

Here, the juvenile court analyzed Rule 415 before citing ***J.B., supra*** for the proposition that a new adjudication hearing was warranted. Under these circumstances, the court did not err in interpreting the Rules of Juvenile Court Procedure, and no further relief is due. ***See R.E.L., supra***. Accordingly, we affirm the order granting Juvenile a new adjudication hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/19/2021

- 13 -