J-S09006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ALONZO SADLER | : | |
| | : | |
| Appellant | : | No. 1203 EDA 2025 |

Appeal from the PCRA Order Entered April 14, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000498-2021

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                              **FILED MAY 06, 2026**

William Alonzo Sadler (Appellant) appeals from the order dismissing his first petition for relief timely filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful consideration, we affirm.

The PCRA court described the relevant history underlying the instant appeal as follows:

> On December 16, 2019, Appellant [] was charged with murder and related offenses in connection with a November 3, 2019, homicide at New York Fried Chicken and Grill Restaurant, 3105 W. 9th Street, Chester City, Delaware County, Pennsylvania. As a result[,] Appellant [] was charged with [violating] 18 Pa.C.S.A. § 2502(a), Murder of the First Degree; 18 Pa.C.S.A. § 903(a), Conspiracy to [Commit] Murder of the First Degree; 18 Pa.C.S.A. § 2502(c), Murder of the Third Degree; 18 Pa.C.S.[A. §] 903(a), Conspiracy to [Commit] Murder of the Third Degree; [18 Pa.C.S.A.

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

§] 6106(a)(1), Firearms not to be Carried without License; and related charges.

….

On February 28, 2023, Appellant [entered a negotiated guilty plea whereby he pled guilty] to murder of the third degree, conspiracy to [commit] murder of the third degree, and firearms not to be carried without [a] license. [The Commonwealth agreed to withdraw the remaining charges, including the charge of first-degree murder, 18 Pa.C.S.A. § 2502(a). In accordance with the plea agreement, the] trial court immediately imposed … sentence upon Appellant [] to an aggregate term of 22½ years to 55 years [in prison]; for the murder of the third degree conviction[,] to confinement in a state correctional institution for a minimum term of 20 years to a maximum term of 40 years; for the firearms not to be carried without license conviction[,] to confinement in a state correctional institution a minimum term of 3½ years to a maximum term of 7 years to run concurrently to the murder of the third degree sentence; for the conspiracy to murder of the third degree conviction[,] to confinement in a State Correctional Institution for a minimum term of 2½ years to a maximum term of 15 years to run consecutively to the murder of the third degree sentence. Appellant [] did not file any post sentence motions or appeals.

On September 5, 2023, Appellant [] filed a *pro se* petition for Post Conviction Collateral Relief, and on November 16, 2023, Stephen Molineux, Esquire [(PCRA counsel)], was appointed to represent Appellant []. On January 3, 2025, PCRA counsel filed a "no merit" letter pursuant to [**Commonwealth**] **v. Finley**, [550 A.2d 213 (Pa. Super. 1988) (*en banc*)], and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). Following consideration and review of [Appellant's] *pro se* PCRA petition and the "no merit" letter, on March 6, 2025, the court filed a "Notice of Intent to Dismiss [PCRA] Petition without Hearing" under Pa.R.Crim.P. 907. On April 14, 2025, the court entered an order dismissing the PCRA Petition without hearing.[FN]

---

[FN] On March 24, 2025, Appellant [] filed a *pro se* "Petition for Extension of Time to File Leave to Amend his PCRA Petition and Objections to the Notice of Intent to Dismiss Pursuant to [Pa.R.Crim.P. 907]" and on April 7, 2025, Appellant filed an

"Amended Petition under the [PCRA]." Upon receipt of Appellant's *pro se* filings, [the PCRA] court forwarded by email the documents to [Appellant's] counsel. In an abundance of caution and in view of this appeal, this court reviewed the filings and concluded Appellant raised no new issues, and the April 7, 2025, *pro se* amended petition, even if considered a response to the Rule 907 notice, nevertheless was untimely filed; an extension was not granted and March 26, 2025, was the last day for filing objections; [and] a liberal allowance for the prisoner mailbox rule does not counteract the fact of the untimely filing.

PCRA Court Opinion, 8/18/25, at 1-4 (one footnote omitted; one footnote in original; punctuation modified). On April 14, 2025, the PCRA court dismissed Appellant's petition, after which Appellant timely filed a notice of appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether [Appellant's] guilty plea counsel rendered ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1[,] Sections 8 and 9 of the Pennsylvania Constitution, by advising the [Appellant] that the minimum term of confinement of [Appellant's] state sentence of incarceration would be reduced by two years for "good time,"[2] as Pennsylvania law does not permit

---

[2] The Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S.A. §§ 4501-4512,

permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences. The express purpose of the chapter is:

to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

*(Footnote Continued Next Page)*

the reduction of a state minimum term of confinement for "good time," where the [Appellant] relied on [plea] counsel's advice resulting in an involuntary and unknowing plea of guilty in that [Appellant] did not know the true length of his minimum sentence, and [Appellant,] but for the erroneous advice, would have opted to go to trial?

2. Whether the [] [PCRA] court erred as a matter of law and abused its discretion in [dismissing Appellant's] petition for relief under the [PCRA] without a hearing, where the facts alleged in [Appellant's] petition, … and his response to [the PCRA court's notice] to dismiss, would have entitled him to relief, as [Appellant's] claim is that he relied upon incorrect information that his minimum state term of confinement would be reduced by "good time," and where [Appellant] further averred that but for counsel's erroneous advice, he would have opted to go to trial.

Appellant's Brief at 5 (footnote added; punctuation and capitalization modified).

Our standard and scope of review of an order dismissing a PCRA petition is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

61 Pa.C.S. § 4502. The RRRI Act does not apply to all defendants, but only to certain "eligible offenders," a term that does not include those with a history of violent crime … or subject to a deadly weapon enhancement. *See id.* § 4503.

*Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012).

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018).

In his first issue, Appellant argues that his plea counsel rendered ineffective assistance by "falsely advising [him] that his state sentence of confinement could be reduced for good time[.]" Appellant's Brief at 15 (internal quotation marks omitted). Appellant argues that he would not have pled guilty in the absence of plea counsel's erroneous advice. *Id.* According to Appellant, the advice he received from plea counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 17.

Appellant argues that his plea counsel improperly guaranteed that "the Pennsylvania Department of Corrections has in place a process or a system that allows for a minimum sentence to be shortened for appropriate behavior." *Id.* at 23. Appellant claims that plea counsel's guarantee was false, as he is required to serve his entire minimum sentence before becoming eligible for parole. *Id.*

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010)). To prevail on an ineffective assistance of counsel claim, a petitioner must show that "(1) his underlying claim is of

arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." **Ousley**, 21 A.3d at 1244.

"Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review." **Commonwealth v. Kelley**, 136 A.3d 1007, 1012 (Pa. Super. 2016). "A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Orlando**, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation and quotation marks omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Kelley**, 136 A.3d at 1013 (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (citation omitted).

However,

[a] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea.

*Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (citations, brackets, and quotation marks omitted). "To prove prejudice, [an] appellant must prove he would not have pled guilty [absent counsel's deficient representation,] and would have achieved a better outcome at trial." *Commonwealth v. Fears*, 86 A.3d 795, 807 (Pa. 2014) (citation omitted).

Appellant relies on this Court's decision in *Commonwealth v. Hickman*, 799 A.2d 136 (Pa. Super. 2002), to support his claim of an unknowing and involuntary plea. Appellant's Brief at 18. In *Hickman*, this Court found that defendant Hickman had established the ineffective assistance of plea counsel, where plea counsel

> gave [Hickman] reason to believe he could be released from prison in two years[, serve six months at motivational boot camp,[3]] and be eligible for parole six months later, when, in fact, [Hickman] was statutorily ineligible for release into the boot camp program and could not receive parole until he had served four years [of] imprisonment. Thus based on an ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate Appellant's interests.

_____

[3] Motivational boot camp is defined as

> [A] program in which eligible inmates participate for a period of six months in a humane program for motivational boot camp programs which shall provide for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, continuing education, vocational training, prerelease counseling and community corrections aftercare.

61 Pa.C.S.A. § 3903.

*Hickman*, 799 A.2d at 141 (footnote added; citations omitted). Significantly, this Court further concluded that Hickman established prejudice resulting from counsel's error:

> [Hickman] claims, and plea counsel agrees, that [Hickman] would have pled "not guilty" and gone to trial had he not been advised that the negotiated plea offered the lone opportunity for boot camp. The PCRA court did not doubt [Hickman's] or plea counsel's credibility. The circumstances of [Hickman's] case, furthermore, are consistent with his claim, as it is not unlikely that he would have otherwise tested the case against him at trial[,] since the risk of a guilty verdict carried but an additional year on his minimum sentence. Therefore, [the Court] finds that [Hickman] made a showing of prejudice sufficient to satisfy his burden.

*Id.*

Here, unlike in *Hickman*, Appellant's claim that he relied on plea counsel's promise regarding "good time" credit in pleading guilty is belied by the record. In his written plea colloquy, Appellant agreed to plead guilty to the above-described charges, which, had the case gone to trial, could result in an aggregate maximum sentence of 87 years in prison. Written Guilty Plea Colloquy, 2/28/23, ¶¶ 23-24. Appellant further acknowledged that he was "not promised anything by anyone in return for pleading guilty or *nolo contendere* other than the plea agreement, if any, which has been presented to the judge." *Id.* ¶ 28. Appellant initialed each paragraph of the plea agreement, and affixed his signature at the end of the plea agreement. *See generally id.* (Voluntary Plea).

The trial court ultimately sentenced Appellant, in accordance with the plea agreement, to 22½ to 55 years in prison. At the guilty plea hearing, the Commonwealth stated the negotiated plea agreement on the record:

Judge, the negotiations are as follows. [Appellant] is going to plead guilty to count three[,] murder of the third degree, count five, firearm [not] to be carried without a license, and count eleven, conspiracy to [commit] murder of the third degree. The negotiations are as follows. For count three, the sentence is 20 to 40 years [in prison]. For count five, the sentence is three and a half to seven years [in prison,] concurrent to count three, and count eleven [(conspiracy)] is two and half to fifteen years [in prison,] consecutive to count three, but concurrent to count five. **That would be an aggregate sentence of 22½ to 55 years of state incarceration with conditions**. The conditions … are as follows. If [Appellant] does not have his high school diploma, he should obtain his GED, [and] should go to trauma therapy and anger management either while in prison, or while on parole. … He should enter job vocational training, or retain employment if and when he is paroled. There [are] fines and costs. There's a DNA sample [and] forfeiture of the firearm. And I believe [Appellant is required to] stay away from the family … of the decedent and extended family of the decedent. … [**A**]**nd in exchange for that negotiated sentence that was just placed on the record, the Commonwealth would not proceed … with** [**the**] **charge of murder of the first degree and conspiracy to** [**commit**] **murder of the first degree, which would carry in and of themselves sentences of life imprisonment without the possibility of parole.** Additionally, … the Commonwealth would withdraw every other, or *nolle prosequi*, every other remaining charge that Appellant is charged with on the informations. Counsel, is that your understanding of the negotiations, as set forth, and what your client understands them to be?

[Appellant's counsel]: It is….

N.T. (plea hearing), 2/28/23, at 3-4 (emphasis added; capitalization and punctuation modified).

During the plea colloquy, the trial court made the following inquiry:

THE COURT (to Appellant): So, you understand that the maximum possible sentence with regards to the plea in this matter is, like, 90 years of incarceration, …?

[Appellant]: Yes.

[The Commonwealth]: It's 87 [years], Judge. Just … 40, 40 and 7, correct Judge. So it's a maximum of 87 [years] just for … these three charges. Obviously, it would be more if we had proceeded to trial.

THE COURT: Right. And you're satisfied that you understand what's happening here today, and what's going on?

[Appellant]: Yes.

*Id.* at 8-9.

However, during an inquiry by Appellant's plea counsel, the following

exchange took place:

[Plea Counsel]: Now do you understand you're entitled to credit for time served in this case?

[Appellant]: Yes.

[Plea Counsel]: … The Department of corrections will … compute that at the appropriate time.

[Appellant]: Yes.

[Plea Counsel]: **Do you understand you will also be entitled to good time**[,] **merit time <u>potentially</u>, and that keeps going as you go forward. Do you understand that?**

[Appellant]: **Yes**.

[Plea Counsel]: **And that will be computed again by the Department of Corrections going forward. Do you understand**?

[Appellant]: **Yes**.

- 10 -

N.T., 2/28/23, at 11-12 (punctuation modified; emphasis added).[4]  The trial court subsequently sentenced Appellant, in accordance with the plea agreement, to an aggregate 22½ to 55 years in prison.  *Id.* at 18.  Thereafter, the Commonwealth stated the following, on the record:

> [The Commonwealth]:  … [J]ust for the record[,] … please correct me if I'm wrong, [**Appellant**] **is not RRRI eligible,** boot camp eligible, or drug treatment [] or … state program eligible.
>
> [Plea Counsel]:  That's correct.
>
> THE COURT:  All right.  Thank you….

*Id.* at 19 (emphasis added).  Appellant offered no response to the Commonwealth's clarification.

The record is void of any evidence indicating that Appellant relied on a promise of RRRI eligibility (or "good time" credit) in tendering his guilty plea. Instantly, unlike the circumstances in *Hickman*, Appellant signed a written plea agreement that included no promise of "good time" credit or RRRI eligibility, and confirmed that no other promises were made in exchange for Appellant's plea.  "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that

---

[4] In his *pro se* PCRA petition, Appellant claimed that he was promised "good time" credit.  PCRA Petition, 9/5/23, at 4 (unpaginated).  According to Appellant, plea counsel "stated on the record that I would serve approximately 20 years due to 'good time' being awarded."  *Id.*  However, our review discloses no on-the-record representation, by plea counsel, regarding an approximate minimum sentence of 20 years, with the inclusion of "good time" credit.

contradict his statements when he entered the plea." ***Commonwealth v.***

***Jamison***, 284 A.3d 501, 506 (Pa. Super. 2022).

In its opinion, the PCRA court concluded that plea counsel's misstatement regarding "good time" credit did not warrant the grant of PCRA relief:

> [A]lthough admittedly, Appellant's attorney awkwardly phrased some of the questions he posed during the guilty plea colloquy, the record is clear counsel's use of the qualifier "potentially" in his question concerning "good time merit time" was not intended to be a guarantee of good time being applied to Appellant's judgment of sentence. Notwithstanding this, **the record is void of any evidence "good time" was a part of the plea negotiations or included as part of the terms of the plea agreement.** Certainly, Appellant [] was given opportunities to raise questions with counsel and the court, and he gave assurances he understood everything going on in the case as it relates to the plea. **A reasonable review of the proceedings demonstrates counsel did not guarantee to Appellant** [] **any absolute entitlement to good time <u>and Appellant did not enter the plea relying on the issue of "good time</u>."**[5]
>
> This court reviewed the record and determined Appellant failed to prove by a preponderance of the evidence [that] counsel was ineffective concerning good time credit. Appellant … **did not show the plea was unlawfully induced or the result of manifest injustice**. Appellant's claim therefore lacked arguable merit as required by the first prong of the [] test for ineffectiveness. As a result, this court concluded plea counsel in this case was not ineffective.

---

[5] As stated above, trial counsel stated Appellant only "potentially" be eligible for boot camp, and that such determination would be made by the Department of Corrections.

PCRA Court Opinion, 8/18/25, at 11-12 (emphasis added; punctuation modified). The PCRA court's findings are supported in the record, and its legal conclusion is sound. Appellant's ineffectiveness claim merits no relief.

In his second issue, Appellant argues that the PCRA court improperly refused to conduct an evidentiary hearing on his ineffectiveness claim. Appellant's Brief at 27.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

Upon review, we agree with the PCRA court's determination that there were no genuine issues of material fact, and an evidentiary hearing was unnecessary. Appellant's written plea agreement negates his claim of a promise of "good time" credit in exchange for his plea. Appellant cannot now contradict that statement. **See Jamison**, 284 A.3d at 506. Consequently, Appellant's second issue warrants no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2026